In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00167-CV


______________________________





IN THE MATTER OF THE


MARRIAGE OF


JOSEPH NOEL SEALS AND


JACKLYN SEALS





 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 00D0900-102




 




Before Grant, Ross, and Cornelius,* JJ.


Opinion by Justice Ross


Dissenting Opinion by Justice Grant


*William J. Cornelius, C.J., Retired, Sitting by Assignment


O P I N I O N



 Joseph Noel Seals appeals the order dismissing his petition for divorce from his
wife, Jacklyn Seals. Jacklyn filed no brief and does not contest the dismissal of her
counterclaim. Joseph contends the trial court abused its discretion and denied him due
process of law by dismissing his case for want of prosecution. 

 Joseph, a federal prisoner, filed an original petition for divorce pro se on July 13,
2000, on the grounds that the couple had ceased living together in 1983 and the marriage
had become insupportable. His petition stated that there were no children born or adopted
of the marriage and that "there is no division of the estates or valuable property in this suit."
He requested the court to compel his wife to change her name. Six days after Joseph filed
his original petition, he filed a letter with the court advising of his incarceration and inability
to appear in person, but stating, "If it is extremely required you shall then contact the
institution's Warden here at FCI Texarkana, . . . ." Joseph further stated, "Consequently,
due to the aforementioned, the Decree of Divorce shall be issued in absentia." On July 31,
2000, Jacklyn filed her original answer, in which she entered a general denial and a
counterclaim for divorce, and requested the court to make an equitable division of the
parties' estate. 

 Almost a year later, June 29, 2001, Joseph filed another letter with the court. In this
letter, he specifically requested his case be expedited and again advised the court of his
inability to attend any hearings regarding his divorce unless the court "request this
institution's Warden to transfer me to your Court or county." Less than four months later,
on October 23, the court clerk issued a notice to both Jacklyn, through her counsel, and
to Joseph of the court's intent to dismiss the case for want of prosecution pursuant to Rule
165a. The notice stated the dismissal hearing was set for November 5, 2001. On the date
of the dismissal hearing, Joseph filed a document entitled "Waiver of Citation," agreeing
"that the cause may be taken up and considered by the Court without further notice to me,"
and again notifying the court he was incarcerated and stating the petition for divorce
should be granted in absentia. The court dismissed his case for want of prosecution the
next day.

 Joseph contends the trial court abused its discretion when it dismissed his divorce
case under Rule 165a. Rule 165a provides that a judge may dismiss a case for want of
prosecution when any party seeking affirmative relief fails to appear for any hearing or trial
of which the party had notice or when the case is not disposed of within the time standards
promulgated by the Texas Supreme Court under its Administrative Rules unless, at a
dismissal hearing about which the parties are provided adequate notice, good cause is
shown for the case to be maintained on the docket. Tex. R. Civ. P. 165a(1), (2). 

 A party must be provided with notice and an opportunity to be heard before a court
may dismiss a case for want of prosecution under either Rule 165a or its inherent authority.
See Tex. R. Civ. P. 165a(1) ("Notice of the court's intention to dismiss and the date and
place of the dismissal hearing shall be sent by the clerk to each attorney of record, . . . ."); 
Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999); Gen. Elec. Co.
v. Falcon Ridge Apartments, Joint Venture, 811 S.W.2d 942, 943 (Tex. 1991); Gutierrez
v. Lone Star Nat'l Bank, 960 S.W.2d 211, 214 (Tex. App.-Corpus Christi 1997, pet. denied)
(requiring notice for dismissals under Rule 165a); see also Callahan v. Staples, 139 Tex. 8,
161 S.W.2d 489, 491 (Tex. 1942) (requiring notice for dismissals under the court's inherent
power). The failure to provide adequate notice of the trial court's intent to dismiss for want
of prosecution requires reversal. See Donnell v. Spring Sports, Inc., 920 S.W.2d 378, 386
(Tex. App.-Houston [1st Dist.] 1996, writ denied); Davis v. Laredo Diesel, Inc., 611 S.W.2d
943, 946-47 (Tex. Civ. App.-Waco 1981, writ ref'd n.r.e.). Dismissal may only be granted
on the basis stated in the notice of dismissal. Villarreal, 994 S.W.2d at 632. 

 The notice of dismissal in this case specifically stated: 

 Pursuant to Rule 165a, T.R.C.P., the court has set the above case for a
dismissal hearing:


 . . . .


 The court will dismiss the case for want of prosecution at his [sic] time unless
an attorney or pro se party appears in person and shows good cause for
maintaining the case on the docket. 


 Under Rule 165a, the trial court may dismiss the case for two reasons: the failure
of a party to appear at a hearing or trial, or for noncompliance with time standards. 
Because the trial court did not specify under which section it dismissed the case, we will
review the dismissal under both. And because the dismissal order does not specify the
reason for dismissal, it will be affirmed on appeal if any proper ground supports the
dismissal. Shook v. Gilmore & Tatge Mfg. Co., 951 S.W.2d 294, 296 (Tex. App.-Waco
1997, pet. denied). 

 The standard of review for dismissal for want of prosecution is abuse of discretion. 
See Coleman v. Lynaugh, 934 S.W.2d 837, 838 (Tex. App.-Houston [1st Dist.] 1996, no
writ). The test for abuse of discretion is whether the trial court acted without reference to
any guiding rules or principles or, equivalently, whether, under all the circumstances of the
particular case, the trial court's action was arbitrary or unreasonable. Koslow's v. Mackie,
796 S.W.2d 700, 704 (Tex. 1990). The trial court may consider the entire history of the
case, including: 1) the length of time the case was on file; 2) the extent of activity in the
case; 3) whether a trial setting was requested; and 4) the existence of reasonable excuse
for the delay. Cf. King v. Holland, 884 S.W.2d 231, 237 (Tex. App.-Corpus Christi 1994,
writ denied); City of Houston v. Malone, 828 S.W.2d 567, 568 (Tex. App.-Houston [14th
Dist.] 1992, no writ).

 At the time the notice of the court's intent to dismiss was sent, no hearing had been
set in the case, so Joseph had never failed to appear. Joseph did not appear at the
hearing, but after the notice was sent, he filed a "Waiver of Citation," in which he reminded
the court of his incarceration and again requested the trial court to grant the divorce in
absentia. This document, along with Joseph's earlier correspondence requesting an
expedited trial setting and informing the court of his incarceration, and making requests
which should have been construed as requests for a bench warrant, sufficed to inform the
court of his inability to attend the dismissal hearing and show good cause for his failure to
appear at the hearing. To the extent the trial court dismissed the case based on Joseph's
failure to appear at the hearing, the trial court abused its discretion.

 The second way a trial court may dismiss a case under Rule 165a is for failure of
a party to comply with the time standards set by the Texas Supreme Court. Rule 165a(2)
states: "Any case not disposed of within time standards promulgated by the Supreme
Court under its Administrative Rules may be placed on a dismissal docket." Tex. R. Civ.
P. 165a(2). Rule 6 of the Texas Rules of Judicial Administration promulgated by the Texas
Supreme Court provides that:

 [J]udges of the county in which cases are filed should, so far as reasonably
possible, ensure that all cases are brought to trial or final disposition in
conformity with the following time standards: 


 . . . .


 Within 6 months from appearance date or within 6 months from the
expiration of the waiting period provided by the Family Code where such is
required, whichever is later.


 Tex. R. Jud. Admin. 6(c)(1), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. F app. (Vernon
1998). 

 Joseph filed his petition for divorce on July 13, 2000. On July 19, 2000, he filed a
letter with the court advising of his incarceration and stating, in effect, that, if his presence
in court was required, then a bench warrant should be issued. Jacklyn filed her answer on
July 31, 2000. On June 29, 2001, Joseph sent his next correspondence to the trial court,
advising the court that time had lapsed since the filing of his divorce petition and that no
disposition had yet occurred. He specifically requested the trial court to expedite the
petition for disposition. On October 23, 2001, the trial court notified both Joseph and
Jacklyn the case would be dismissed if the parties did not appear at a hearing set for
November 5, 2001, and show good cause for the case to be maintained on the docket. On
November 5, Joseph filed a document stating for the second time that, because of his
incarceration, the divorce should be granted in absentia. The trial court dismissed the case
on November 6, 2001, approximately fifteen months after Jacklyn's appearance. After the
trial court dismissed the case, but within the court's period of plenary power, Jacklyn also
filed a "Waiver of Citation," agreeing the case could be taken up and considered without
further notice to her.

 Although Joseph made no formal request for a trial setting during the first six
months, he filed a letter with the court eleven months after Jacklyn's appearance
requesting that the court expedite his divorce. Less than four months later, instead of
granting Joseph's request for an expedited trial, the court placed the case on the dismissal
docket. After the case was set on the dismissal docket, Joseph filed a document again
requesting the divorce be granted in absentia. 

 Rule 6 of the Rules of Judicial Administration requires judges to ensure that cases
are brought to trial or disposition. Further, the trial court may, on the court's own motion
and with reasonable notice to the parties, set contested cases for trial. Noncontested
cases may be tried or disposed of at any time whether set or not, and may be set at any
time for any other time. See Tex. R. Civ. P. 245. 

 After the court had failed to set this case for trial on its own motion for more than
fifteen months, and after receiving a request from one of the parties for an expedited trial
setting only four months earlier, it was an abuse of discretion to dismiss this case for
noncompliance with the time standards. While the court still had plenary power over this
case, it knew both parties had waived citation and requested the court to grant the divorce. 
Both parties want the divorce. To dismiss this case, requiring the parties to file it again,
is a waste of judicial and economic resources. The record clearly shows good cause why
the court should not have dismissed this case for want of prosecution. 

 We reverse the trial court's order of dismissal and remand the case for further
proceedings.



 Donald R. Ross

 Justice

 

 


DISSENTING OPINION



 I respectfully dissent. The standard of review in this case is abuse of discretion. 
We do not review the record to determine whether we believe good cause existed to
maintain the case, but to determine whether the trial court abused its discretion in
dismissing the case. The trial court abuses its discretion if it acted without reference to any
guiding rules and principles or when the trial court's action was arbitrary or unreasonable. 
See Koslow's v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990).

 The Texas Supreme Court's time guidelines provide a prima facie standard for the
length of time considered unreasonable in disposing of a case. Hosey v. County of
Victoria, 832 S.W.2d 701, 704 (Tex. App.-Corpus Christi 1992, no writ). The Texas
Supreme Court has deemed eight months to be a reasonable time period for disposing of
a contested divorce case. However, recognizing that extraordinary cases do exist, the
Rules of Procedure also provide the trial court may maintain cases on the docket after the
time standards have been exceeded if there is good cause to do so. Tex. R. Civ. P.
165a(1). 

 Joseph offered the trial court no explanation for the delay in the disposition of his
case and failed, on appeal, to offer any explanation for why it would be reasonable for the
disposition of his divorce to exceed the time standards set by the Texas Supreme Court. 
However, the trial court may consider the entire history of the case in determining whether
good cause exists to maintain the case on the docket. See King v. Holland, 884 S.W.2d
231, 237 (Tex. App.-Corpus Christi 1994, writ denied). 

 On the face of the record, there was nothing to indicate the facts of this divorce
warranted exceeding the Texas Supreme Court time guidelines. The one fact, about which
the court had notice, that may have indicated a need for additional time in prosecuting the
action would have been Joseph's confinement. However, the record does not reflect any
attempt by Joseph to take action on his case that was hindered by his incarceration. 

 The record reflects Joseph filed his petition, filed a letter with the clerk soon after
informing the court of his incarceration, and stated that the divorce decree should be
issued in absentia, filed another letter almost a year later requesting the court to expedite
the disposition of his cause, and finally filed a waiver of citation after being notified of the
trial court's intention to dismiss. There was no evidence of any other activity taken by
Joseph or Jacklyn other than her original answer, counterclaim, and waiver of citation. 

 The majority reasoned that good cause existed to maintain the case on the docket
because the trial court has the power to set a case for trial on its own motion because
Joseph sent a letter requesting the trial court to expedite his divorce and because both
parties filed a waiver of citation-Jacklyn filing her waiver after the case had been
dismissed, but while the court still had plenary power over the case. See Tex. R. Jud.
Admin. 6, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. F app. (Vernon 1998); Tex. R.
Civ. P. 245. 

 Jacklyn's waiver of citation, waiving the right to the required form of notice, did not
affect her general denial, which was sufficient to put all matters pleaded by the adverse
party, which were not required to be denied under oath, at issue. Tex. R. Civ. P. 92. 
Joseph, as petitioner, was required to provide proof to support the allegations contained
in his petition, including the matter of property division. See Tex. Fam. Code Ann. § 6.701
(Vernon 1998); O'Neal v. O'Neal, 69 S.W.3d 347, 349 (Tex. App.-Eastland 2002, no
pet. h.). Jacklyn also filed a counterclaim with her general denial, specifically requesting
the court make an equitable division of the parties' estate. As petitioner of her
counterclaim, Jacklyn was also required to provide proof of her allegations, including the
issue of property division, and failed to take any action to further the cause such as
requesting the trial court to appoint an auditor, requesting a trial setting, or providing the
trial court with affidavits, an agreed judgment, or stipulated facts from which the trial court
could determine an equitable division of property. 

 The majority characterized Joseph's letter, filed June 29, 2001, requesting the case
be expedited, as a request for a trial setting. However, Joseph never requested a trial
setting. Joseph's letters were antithetical to a request for a trial setting, suggesting that
Joseph did not intend to request any settings and, in his first letter, instructing the court to
grant the divorce in absentia. 

 Joseph's first letter could have been interpreted as requesting the trial court to issue
a bench warrant to allow Joseph to personally appear if the court found his personal
appearance extremely necessary, but the trial court may have determined his personal
appearance was not necessary, as there were several ways in which Joseph could have
resolved the issues, such as submitting affidavits, an agreed judgment, or stipulated facts
to the trial court from which it could determine the division of property. Joseph did not
attempt to avail himself of any method available to him to resolve the property issue, and
by his correspondence indicated his understanding that the trial court could dispose of the
issue without any further action from him. 

 Further, while Texas Rule of Civil Procedure 245 provides that the trial court may,
on the court's own motion and with reasonable notice to the parties, set contested cases
for trial, it does not require that the court do so whenever litigants fail to make a request. 
See Tex. R. Civ. P. 245. The trial court's failure to set the case for trial without a motion
by a party for a setting was not unreasonable. 

 The trial court did not abuse its discretion in not finding good cause to maintain the
case on the docket or in dismissing the case in accordance with the Texas Supreme
Court's guidelines. 


 Ben Z. Grant

 Justice


Date Submitted: May 1, 2002

Date Decided: July 25, 2002


Publish