In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00171-CR
______________________________


CHARLES LEAMOND BRALEY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 32211-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            On October 18, 2004, Charles Leamond Braley pled guilty to the charge of possession with
intent to deliver a controlled substance in penalty group 1, more than four grams, but less than 200
grams, habitual offender. The record reflects that on October 18, 2004, after announcing ready for
trial, Braley advised the trial court he wished to plead guilty and have the court assess punishment. 
The trial court then took up this cause, as well as two other cases pending against Braley, one for
unlawful  possession  of  firearm  by  felon,  habitual  offender  (No.  06-04-00169-CR,  decided
December  21,  2004),  and  one  for  escape,  habitual  offender  (No.  06-04-00170-CR,  decided
December 21, 2004). Braley waived a jury trial, and the trial court sentenced him to twenty-five
years' imprisonment on each case, to be served concurrently.
            The record bears no indication that a motion for new trial was ever filed. On December 10,
2004, Braley, through different counsel than the one noted in the trial judgment, filed a notice of
appeal. The notice of appeal was not timely filed. See Tex. R. App. P. 26.2. This Court, therefore,
lacks jurisdiction to hear this case. Accordingly, we dismiss the appeal for want of jurisdiction.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 20, 2004
Date Decided:             December 21, 2004

Do Not Publish




the dismissal and remand the case to the trial court for further proceedings.
            After filing his original petition, which detailed his inmate status and his impending release
and deportation, Hilario-Lopez filed, on October 29, 2004, his wife's waiver of citation. On January
18, 2005, he filed a formal request for final disposition of the case, again noting his inmate status. 
To this request for disposition, he attached an agreed Final Decree of Divorce and an agreed
Standard Possession Order, both of which had been signed by both parties. On March 9, 2005, he
wrote the district clerk asking for information on the status of his case and asking that, if the case
had not yet been set for a hearing, a setting be made. On July 5, 2005, he wrote a similar letter to
the district clerk, again inquiring regarding the status of his case and asking for a setting if it had not
yet been set. On September 7, 2005, Hilario-Lopez filed a change of address, again noting his
previous inmate status, his release from custody, and his deportation to Mexico. 
            The official responses to Hilario-Lopez' actions consisted entirely of the following:
            (1)       A clerk's "Notice of Dismissal for Want of Prosecution" filed October 4, 2005, setting
a hearing for October 24, 2005. 
            (2)       A clerk's "Notice of Dismissal for Want of Prosecution" filed October 6, 2005, setting
a hearing for November 7, 2005. 
            (3)       A clerk's "Notice of Dismissal for Want of Prosecution" filed December 7, 2005,
setting a hearing for January 2, "2005" [sic]. 
            (4)       A clerk's "Notice of Dismissal for Want of Prosecution" filed December 19, 2005,
setting a hearing for January 3, 2006. 
            (5)       An "Order of Dismissal" filed January 4, 2006, dismissing the case simply "for want
of prosecution" without further explanation. 
            Hilario-Lopez has timely appealed, asserting the dismissal was error and additionally denied
him due process of law. Because we agree the dismissal was error, we reverse the dismissal.
            Under Rule 165a


 of the Texas Rules of Civil Procedure, a trial court may dismiss a case for
two reasons: the failure of a party to appear at a hearing or trial, or for noncompliance with time
standards. Because the trial court did not specify the reason why it dismissed the case, we will
review the dismissal under both reasons. The dismissal order, not specifying the reason for
dismissal, will be affirmed on appeal if any proper ground supports the dismissal. In re Marriage
of Buster, 115 S.W.3d 141, 142–45 (Tex. App.—Texarkana 2003, no pet.); In re Marriage of Seals,
83 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, no pet.); Shook v. Gilmore & Tatge Mfg. Co., 951
S.W.2d 294, 296 (Tex. App.—Waco 1997, pet. denied).
            A dismissal for want of prosecution is reviewed for an abuse of discretion. Seals, 83 S.W.3d
at 873; see Coleman v. Lynaugh, 934 S.W.2d 837, 838 (Tex. App.—Houston [1st Dist.] 1996, no
writ). A trial court abuses its discretion if it acts without reference to any guiding rules or principles
or if, under all the circumstances of the particular case, the trial court's action was arbitrary or
unreasonable. Koslow's v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990); Seals, 83 S.W.3d at 873–74. 
A trial court may consider the entire history of the case, including: (1) how long the case was on file,
(2) how active the case had been, (3) whether a trial setting was requested, and (4) the existence of
reasonable excuse for delay. Seals, 83 S.W.3d at 874; cf. King v. Holland, 884 S.W.2d 231, 237
(Tex. App.—Corpus Christi 1994, writ denied); City of Houston v. Malone, 828 S.W.2d 567, 568
(Tex. App.—Houston [14th Dist.] 1992, no writ).
            At the time the notices of the trial court's intent to dismiss were sent, no hearing had been set
in the case, so Hilario-Lopez, before January 3, 2006, had never failed to appear. While Hilario-Lopez did not appear at the January 3, 2006, hearing, he had previously sent the trial court
correspondence, which twice requested a trial setting, and pleadings, which informed the trial court
of his incarceration and requested disposition of the case without a hearing or, in the alternative, for
disposition through a telephonic hearing. By that correspondence and pleading, Hilario-Lopez
informed the trial court of his inability to attend the dismissal hearing and to show good cause for
his failure to appear at the hearing. To the extent the trial court dismissed the case based on Hilario-Lopez' failure to appear at the hearing, the trial court abused its discretion.
            The second way a trial court may dismiss a case under Rule 165a of the Texas Rules of Civil
Procedure is for failure of a party to comply with the time standards set by the Texas Supreme Court. 
Rule 165a (2) states, "Any case not disposed of within time standards promulgated by the Supreme
Court under its Administrative Rules may be placed on a dismissal docket." Tex. R. Civ. P. 165a(2). 
Rule 6 of the Texas Rules of Judicial Administration promulgated by the Texas Supreme Court
provides that:
[J]udges of the county in which cases are filed should, so far as reasonably possible,
ensure that all cases are brought to trial or final disposition in conformity with the
following time standards:
 
. . . .
 
Within 6 months from appearance date or within 6 months from the
expiration of the waiting period provided by the Family Code where such is required,
whichever is later.
Tex. R. Jud. Admin. 6(c)(1), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. F app. (Vernon
2005).
            The trial court dismissed this case January 4, 2006, just over sixteen months after the original
petition had been filed, and just over fourteen months after Mrs. Hilario's appearance and waiver of
citation had been filed.
            Although Hilario-Lopez made no formal request for a trial setting during the first four months
after filing his petition, he filed a formal request for case disposition January 18, 2005, less than five
months into the case and less than two months after Mrs. Hilario's appearance. Then, on March 9,
2005, and again on July 5, 2005, he followed up with letters to the district clerk requesting a status
report and a trial setting, if no setting had been made by that time. He advised the court of his
impending release from incarceration and the fact that, once released, he would be deported to
Mexico. Once he was released and deported, he reported, on September 7, 2005, an address change.
            Rule 6 of the Rules of Judicial Administration requires judges to ensure that cases are
brought to trial or disposition. Further, the trial court may, on the court's own motion and with
reasonable notice to the parties, set contested cases for trial. Noncontested cases may be tried or
disposed of at any time whether set or not, and may be set at any time for any other time. See Tex.
R. Civ. P. 245.
            After an agreed decree of divorce and an agreed possession order were filed along with a
request by Hilario-Lopez that the matter be set for trial, all within two months after Mrs. Hilario's
appearance—and after two subsequent written requests within the next six months for a trial
setting—it was an abuse of discretion to dismiss this case for noncompliance with the time standards.
            Both parties want the divorce. To dismiss this case, requiring the parties to file it again, is
a waste of judicial and economic resources. The record clearly shows good cause why the trial court
should not have dismissed this case for want of prosecution. See Boulden, 133 S.W.3d at 886–87;
Buster, 115 S.W.3d at 142–45; Seals, 83 S.W.3d at 873–75.
            We reverse the trial court's order of dismissal and remand the case for further proceedings.
 

                                                                        Josh R. Morriss, III
                                                                        Chief Justice

Date Submitted:          May 9, 2006
Date Decided:             June 16, 2006