Mark STEWARD, Appellant,

v.

**COLONIAL CASUALTY INSURANCE COMPANY, Appellee.**

No. 10–01–00085–CV.

Court of Appeals of Texas, Waco.

June 2, 2004.

---

Stuart F. Lewis, Law Office of Stuart F. Lewis, Bryan, for appellant.

John L. Freeman, Moseley & Standender, P.C., Dallas, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.[1]

## OPINION

FELIPE REYNA, Justice.

Mark Steward appeals from an order denying reinstatement of his suit against Colonial Casualty Insurance Company after the court dismissed the suit for want of prosecution. Steward complains that the court abused its discretion by not reinstating the suit because (1) his failure to file a motion to retain was not intentional or the result of conscious indifference, (2) he had no notice of the court's intent to dismiss the suit, and (3) the dismissal violated his right to due process.

## Background

Steward filed suit on March 3, 1998, against Colonial Casualty Insurance Company seeking reversal of an administrative decision in his workers' compensation claim. The district court sent notice to the parties on July 17, 2000, that the suit was subject to dismissal. The notice states:

Pursuant to Rules of Civil Procedure 165a, 306A, and Local Rule 7, you are hereby notified that cases will be dismissed for want of prosecution on August 31, 2000 unless good cause is shown in writing filed with the Clerk (no appearance necessary) on or before said date why a case should not be dismissed. A list of the cases may be obtained, for a nominal fee, by contacting the District Clerk's Office....

On November 28, the trial court entered an order of dismissal for want of prosecution. Steward filed a motion to reinstate on December 27, alleging that he was unaware that the suit was on the court's dismissal docket. The trial court denied the reinstatement of Steward's suit.

## Applicable Law

A trial court's power to dismiss a suit for want of prosecution originates from two sources: (1) Texas Rule of Civil Procedure 165a and (2) the trial court's inherent authority. Tex.R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999); *Binner v. Limestone County*, 129 S.W.3d 710, 712 (Tex.App.-Waco 2004, pet. filed). A trial court may dismiss a suit under Rule 165a when (1) a party fails to appear for a trial or hearing or (2) when a suit is not disposed of within the time standards given by the Supreme Court. Tex.R. Civ. P. 165a(1), (2); *Binner*, 129 S.W.3d at 712. Independent of the rules of civil procedure, a trial court may also dismiss a suit under the inherent authority given to it by common law. *Villarreal*, 994 S.W.2d at 630; *Binner*, 129 S.W.3d at 712. Failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution

---

1. This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. Justice Reyna, who took the oath of office on January 5, 2004, participated in the decision of the court.

requires reversal. *Villarreal,* 994 S.W.2d at 630.

▮ We review a dismissal for want of prosecution under an abuse-of-discretion standard. *State v. Rotello,* 671 S.W.2d 507, 509 (Tex.1984); *In re Marriage of Seals,* 83 S.W.3d 870, 873 (Tex.App.-Texarkana 2002, no pet.). We employ the same standard in reviewing the denial of a motion to reinstate. *Franklin v. Sherman Indep. School Dist.,* 53 S.W.3d 398, 401 (Tex.App.-Dallas 2001, pet. denied). A trial court abuses its discretion when it acts "without reference to any guiding rules or principles," or, stated another way, when the trial court acts in an arbitrary and unreasonable manner. *City of San Benito v. Rio Grande Valley Gas Co.,* 109 S.W.3d 750, 757, (Tex.2003) (quoting *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985)).

### Adequate Notice

▮ Steward complains in two issues that he did not receive notice of the trial court's intention to dismiss the suit and, because there was no notice, he was not consciously indifferent in failing to file a motion to retain. The evidence is clear, however, that Steward did receive some notice, but the issue is whether that notice was adequate to appraise him of the particular authority the trial court used to dismiss the suit.

The trial court cites Rule 165a in its notice as the rule under which it would dismiss a suit for want of prosecution. By doing so, it informed Steward of two potential reasons a suit may be dismissed under Rule 165a: (1) the failure to appear; or (2) the running of the time limits established by the Supreme Court. TEX.R. CIV. P. 165a(1), (2). Because Steward did not fail to appear for a trial or hearing, as provided in Rule 165a(1), the only other reason for dismissal would be under Rule

165a(2). Rule 165a(2) gives the court authority to place a suit on its dismissal docket when the suit is not disposed of within the time standards given by the Supreme Court. TEX.R. CIV. P. 165a(2).

The applicable time frame for non-family civil cases is (1) within eighteen months after appearance date for jury trials or (2) within twelve months after appearance date for bench trials. TEX.R. JUD. ADMIN. 6b, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (Vernon 2004). The appearance date for Steward's suit was March 23, 1998. The notice for dismissal was sent over two years later, well outside the applicable time frames referenced in Rule 165a(2). We recently held that a dismissal notice containing no reference to Rule 165a or the court's inherent authority was sufficient to put the appellant on notice that the court could dismiss under Rule 165a(1), Rule 165a(2), or its inherent authority. *Binner,* 129 S.W.3d at 712; *see contra Johnson–Snodgrass v. KTAO, Inc.,* 75 S.W.3d 84, 89–90 (Tex.App.-Fort Worth 2002, pet. dism'd); *Lopez v. Harding,* 68 S.W.3d 78, 80–81 (Tex.App.-Dallas 2001, no pet.). Therefore, we find that the notice was adequate to appraise Steward that unless he took further action, the trial court would be placing the suit on its dismissal docket pursuant to Rule 165a(2).

### Good Cause

▮ Finding Steward received adequate notice, we look to see whether he offers any other argument as to why the court should have reinstated the suit. In doing so we note that Steward argues the wrong standard for reinstatement on appeal. Steward argues that he received no notice, and therefore his failure to file a motion to retain was not due to conscious indifference. Conscious indifference, the standard stated in Rule 165a(3), applies only to a dismissal for failure to appear

under Rule 165a(1). *Binner,* 129 S.W.3d at 712–13; *In re Marriage of Buster,* 115 S.W.3d 141, 144 (Tex.App.-Texarkana 2003, no pet.); *Manning v. North,* 82 S.W.3d 706, 711 (Tex.App.-Amarillo 2002, no pet.). As stated above, Rule 165a(1) does not apply in Steward's case. To obtain reinstatement under Rule 165a(2), a plaintiff must show good cause for the failure to prosecute the suit under the time standards promulgated by the Supreme Court. *See Franklin,* 53 S.W.3d at 404.

Steward argues only that he received no notice that his suit would be dismissed and offers no other evidence to excuse his failure to prosecute the suit. *Texas Sting, Ltd. v. R.B. Foods, Inc.,* 82 S.W.3d 644, 649 (Tex.App.-San Antonio 2002, pet. denied). On the contrary, Steward offered evidence at the reinstatement hearing that the suit should be reinstated because the suit had already been tried at the administrative level, eliminating the need for discovery or witness preparation. Upon hearing this evidence, the court stated there was no justification for the suit to have remained inactive for over two years. Under these facts, the court did not abuse its discretion by refusing to reinstate Steward's suit. *Binner,* 129 S.W.3d at 714; *Texas Sting,* 82 S.W.3d at 649. Steward's first and second issues are overruled.

### Due Process

Steward also complains that, because he received no notice, he was denied due process. We have already determined that Steward received adequate notice. However, even assuming he did not, his participation in the reinstatement hearing cures his due process concerns. *See Binner,* 129 S.W.3d at 713; *Manning,* 82 S.W.3d at 715; *Texas Sting,* 82 S.W.3d at 649–50. Accordingly, Steward's third issue is overruled.

### Conclusion

Having overruled all of Steward's issues, we affirm the judgment.