IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00013-CV

 

Finis Welch,

                                                                      Appellant

 v.

 

Faye M. Monroe, 

Gayle E. Tittle, and David Free,

                                                                      Appellees

 

 

 



From the 87th District Court

Leon County, Texas

Trial Court # 6254-B

 



MEMORANDUM 
Opinion



 








        Plaintiff
Finis Welch's case was abated because the trial court believed he lacked
standing.  After some time, Welch's case
was dismissed for want of prosecution. 
Because we find that the abatement was in error and effectively blocked
Welch from prosecuting his case, we reverse the dismissal of the trial court.




BACKGROUND

          In
July of 1994, David Free, a county surveyor, asked H. H. Salter to grant two
easements to adjoining landowner Faye Monroe. 
Salter agreed.  A month later, Monroe conveyed her property and the easements to Gayle
Tittle.  After Salter died, his daughter,
Sandra Murray, sought to set aside the easements claiming that they were
procured by fraud based upon Salter's mental incapacity at the time he executed
the easements.  Murray, as executor of Salter's estate, sued the
Appellees on April 21, 1995.

          While
the suit was pending, Murray sold the property burdened by the easements to Finis Welch.  Subsequently, Appellees filed a plea in
abatement claiming that Murray lacked standing to proceed with the lawsuit because she no longer
owned the property.  The trial court
granted the plea and abated the case.

          In
an effort to reinstate the case, Murray assigned the interest in the cause of action to
Welch who then filed a petition in the lawsuit as Murray's successor-in-interest.  Appellees again filed a plea in abatement
claiming that because the trial court abated Murray's case previous to the assignment to Welch, she
had no cause of action to assign, and therefore, Welch lacked standing as well.  The trial court granted the plea and abated
Welch's case.

          After
a period of time in which there was no further action in the case, the trial
court dismissed the case for want of prosecution.  Welch appealed, and we reversed the trial
court's dismissal because Welch had not been given notice or a hearing before
the case was dismissed.    Less than six months after our mandate to the
trial court, Appellees filed a motion to dismiss for want of prosecution.  The next day, Welch filed a motion for
partial summary judgment seeking to place before the trial court the issue of
his standing.  The trial court denied
Welch's motion for partial summary judgment and dismissed the case for want of
prosecution.

          Welch
argues that the trial court erred in (1) dismissing the case for want of prosecution
and (2) denying his motion for partial summary judgment regarding his standing
in the suit.

STANDING

          Welch
argues in his second issue that the court erred in denying his motion for
partial summary judgment concerning the issue of standing.  Standing is a necessary component of subject
matter jurisdiction and involves the court's power to hear a case.  McAllen
Med. Ctr., Inc. v. Cortez, 66 S.W.3d 227, 231 (Tex. 2001); Walston
v. Lockhart, 62 S.W.3d 257, 259 (Tex. App.—Waco 2001, pet. denied).  A question of subject matter jurisdiction is
fundamental and may be raised at any time. 
See In re B.L.D., 113 S.W.3d 340, 350 (Tex. 2003); Walston,
63 S.W.3d at 259.  Whether a trial court
has subject matter jurisdiction is a question of law subject to de novo
review.  See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 
Therefore, we will review the court's determination of standing de novo.

          The
Appellees argue that because the court abated Murray's cause of action due to her lack of standing,
she no longer possessed a cause of action to assign to Welch.[1]  Therefore, because Appellees argue that Welch's
standing is directly dependant on the resolution of the question of Murray's standing, we will first review Murray's standing.




Murray's Standing

           A cause of action for injury to real property
accrues when the injury is committed.  Bayouth v. Lion Oil Co., 671 S.W.2d 867,
868 (Tex. 1984); Exxon
Corp. v. Pluff, 94 S.W.3d 22, 26-27 (Tex. App.—Tyler 2002, pet. denied).  The right to sue for the injury is a personal
right that belongs to the person who owns the property at the time of the
injury.  Pluff, 94 S.W.3d at 27; Abbott
v. City of Princeton, 721 S.W.2d 872, 875 (Tex. App.—Dallas 1986, writ
ref'd n.r.e.).  Because it is a personal
right, the right does not pass to a subsequent purchaser of the property, i.e., the right does not run with the
land, unless there is an express assignment of the cause of action to the
subsequent purchaser.  Pluff, 94 S.W.3d at 27; Abbott, 721 S.W.2d at 875.  Therefore, when Murray sold the property burdened by the easements to
Welch, she still retained the cause of action as executor of Salter's estate
and as such had standing to continue the lawsuit.

Welch's Standing

          Despite
the abatement, Murray attempted to reinstate the case by assigning
the cause of action to Welch, the current property owner.  However, Welch must prove that he is entitled
to such standing.  To recover on an
assigned cause of action, the party claiming the assigned rights must prove (1)
a cause of action existed that was capable of assignment and (2) the cause was
in fact assigned to the party seeking recovery. 
Ceramic Tile Intl. Inc. v. Balusek,
137 S.W.3d 722, 724 (Tex. App.—San Antonio 2004, no pet.); Delaney v. Davis, 81 S.W.3d 445, 448-49 (Tex. App.—Houston [14th Dist.] 2002, no pet.); Texas Farmers Ins. Co. v. Gerbes By and
Through Griffin Chiropractic Clinic, 880 S.W.2d 215, 217 (Tex. App.—Fort
Worth 1994, writ denied).

          A
suit to set aside a deed is not a suit to recover real estate, but is a suit of
a personal action.  Jansen v. Fitzpatrick, 14 S.W.3d 426, 432 (Tex. App.—Houston [14th Dist.] 2000, no pet.); McMeens v. Pease, 878 S.W.2d 185, 190
(Tex. App.—Corpus Christi 1994, writ denied). 
It is considered a chose in action which is defined as "a personal
right not reduced into possession, but recoverable by suit at law."  Vinson
& Elkins v. Moran, 946 S.W.2d 381, 389-390 (Tex. App.—Houston [14th
Dist.] 1997, writ dism'd by agr.); see
also Jansen, 14 S.W.3d at
432.  A chose in action is assignable in
all but five instances, none of which apply in this case.[2]  Therefore, Murray's cause of action through her position as
executor of Salter's estate is assignable.

          Also,
the record shows that the cause of action was transferred to Welch under
section 12.014 of the Texas Property Code.

          (a)
A judgment or part of a judgment of a court of record or an interest in a cause
of action on which suit has been filed may be sold, regardless of whether the
judgment or cause of action is assignable in law or equity, if the transfer is
in writing.

 

          (b)
A transfer under this section may be filed with the papers of the suit if the
transfer is acknowledged or sworn to in the form and manner required by law for
acknowledgement or swearing of deeds.

 

Tex. Prop. Code Ann. § 12.014 (Vernon Supp. 2004).

          On
July
 14, 1997, Welch filed
an unacknowledged "Assignment of Cause of Action" executed by Murray as executor of Salter's estate that assigned to
Welch all her rights to pursue the lawsuit but made no mention of
consideration.  Also, Welch filed a first
amended petition as a plaintiff claiming that he was the successor-in-interest
to Murray, executor of the estate of Salter. 
Apparently realizing his mistake, on July 15, Welch filed an
acknowledged "Assignment of Claim" in full compliance with the
property code, stating that it was executed with consideration.

          Murray's cause of action was assignable, and Welch
legally obtained that assignment.  Delaney, 81 S.W.3d at 448-49.  Therefore, Welch has standing before this
court, and the trial court erred in granting Appellees' second plea in
abatement and in denying Welch's motion for partial summary judgment.  Accordingly, we sustain Welch's second issue.

DISMISSAL
FOR WANT OF PROSECUTION

          Welch
argues in his first issue that the trial court erred by dismissing his case for
want of prosecution because the granting of the abatement stayed the case,
precluding him from prosecuting it.  The
procedural history of the case is as follows:

§        
April 21, 1995 - Murray sued Appellees

§        
May 1995 -
July 1996 - Discovery

§        
December 19, 1996 - Murray's first request for a trial date.  Trial was set for February 3, 1997.

§        
January 23, 1997 - Appellee Tittle moved for continuance.

§        
February 27, 1997 - Murray's second request for a trial date.  Trial was set for May 5, 1997.

§        
March 17, 1997 - District clerk cancelled trial setting.

§        
March 21, 1997 - Murray's third request for a trial date.  Trial was set for July 7, 1997.

§        
June 2, 1997 - Appellee Tittle filed a motion to abate.

§        
June 16, 1997 - Trial court granted motion to abate.

§        
July 14, 1997 - Welch filed "Assignment of Cause of
Action" (although not acknowledged), his first amended petition, and a
motion to reinstate.

§        
July 16, 1997 - Welch filed an acknowledged "Assignment
of Claim."

§        
August 1997
- Appellees Monroe and Free filed motions to abate.

§        
January 23, 1998 - Welch requested a hearing on his motion to
reinstate.

§        
March 2, 1998 - Welch's second request for a hearing on his
motion to reinstate.

§        
March 20, 1998 - Trial court granted Appellees motion to
abate.  

§        
July 10, 2000 - Trial court sends notice of dismissal docket

§        
August 10, 2000 - Welch filed a motion to reinstate.

§        
September 6, 2000 - Trial court dismissed the case

§        
September 18, 2000 - Welch filed a motion for new trial

§        
October 6, 2000 - Welch filed his notice of appeal.

§        
February 6, 2002 - This Court reversed the dismissal for failure
to give notice and a hearing.

§        
March 28, 2002 - Welch files notice of appearance of
co-counsel.

§        
April 17, 2002 - Welch files second amended petition.

§        
June 6, 2002 - Mandate to the trial court from this Court
giving it jurisdiction.

§        
December 2, 2002 - Appellees file motion to dismiss

§        
December 3, 2002 - Welch files motion for partial summary
judgment.

§        
January 3, 2003 - Trial court denies Welch's motion for partial
summary judgment and dismisses the case.

§        
January 15, 2003 - Welch files notice of appeal.

          A trial court’s power to dismiss a suit for want of prosecution
originates from two sources: (1) Texas Rule of Civil Procedure 165a and (2) the
trial court’s inherent authority.  Tex. R. Civ. P. 165a; Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999); Steward
v. Colonial Cas. Ins. Co., 143 S.W.3d 161, 163-64 (Tex. App.—Waco 2004, no pet.).  A trial court may dismiss a suit under Rule
165a when (1) a party fails to appear for a trial or hearing or (2) when a suit
is not disposed of within the time standards given by the Supreme Court.  Tex.
R. Civ. P. 165a(1), (2); Steward, 143 S.W.3d at 163-64. 
Independent of the rules of civil procedure, a trial court may also
dismiss a suit under its inherent authority by finding a lack of due diligence
in prosecuting the case.  Villarreal,
994 S.W.2d at 630; Allen v. Rushing,
129 S.W.3d 226, 230 (Tex.
App.—Texarkana 2004, no pet.).

          The
trial court did not specify under what authority it dismissed the case.  However, we know from the record that Welch
did not fail to appear for trial or a hearing. 
Therefore, the trial court could have dismissed the case only because
the suit was not disposed of within the applicable time periods[3],
or for lack of due diligence in prosecuting the case.

          We
review a dismissal for want of prosecution under an abuse-of-discretion
standard.  State v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984); Steward, 143 S.W.3d at 164.  A
trial court abuses its discretion when it acts "without reference to any
guiding rules or principles," or, stated another way, when the trial court
acts in an arbitrary and unreasonable manner. 
City of San Benito v. Rio Grande
Valley Gas Co., 109 S.W.3d 750, 757 (Tex. 2003) (quoting Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242
(Tex.1985)).  The trial court may
consider the entire history of the case, including: (1) the length of time the
case was on file; (2) the extent of activity in the case; (3) whether a trial
setting was requested; and (4) the existence of a reasonable excuse for the
delay.  In re Marriage of Seals, 83 S.W.3d 870, 874 (Tex. App.—Texarkana 2002, no pet.).

          Welch
argues that he exercised due diligence up until his case was abated.  After that point, he argues that he was
unable to cure the alleged defect in his pleadings, and he was unable to appeal
the abatement.  He explains that because
of this, he was at a loss as to how to proceed procedurally with the case.  Welch points to activity in the case after
this Court reversed the first dismissal, and further asserts that nothing
substantial could be done because, after this Court's mandate in June, the case
was still in suspension due to the abatement. 
He further argues that he was attempting to come up with a creative way
to put the issue of standing back before the court by filing his motion for
partial summary judgment.

          Appellees
argue that there was no activity in the case from March 1998 to August 2000 and
that this represents a lack of due diligence to prosecute the case.  Appellees further argue that Welch could have
filed his motion for partial summary judgment in that time period, and not
after the case was reversed on appeal. 
They also point to the time between June and December 2002 in which
there was no activity as a lack of due diligence.

          A
plea in abatement does not defeat the pending action but merely suspends the
assertion of a right alleged in the petition. 
M & M Const. Co., Inc. v.
Great Am. Ins. Co., 747 S.W.2d 552, 554-55 (Tex. App.—Corpus Christi 1988,
no pet.).  The plea should show the
grounds on which the suit was improperly brought and set forth the information
necessary to guide the plaintiff to correct the defect.  Id.  Once
granted, a plea in abatement is considered purely interlocutory and is not subject
to appeal.  Johnson v. Avery, 414 S.W.2d 441, 443 (Tex. 1966).  The
suspension of the case is to give the plaintiff an appropriate amount of time
to cure the defect.  If the plaintiff
does not or cannot cure the defect, the court should dismiss the case, creating
a final judgment from which the plaintiff can appeal.  See Texas
Highway Dept. v. Jarrell, 418 S.W.2d 486, 488 (Tex. 1967); Martin
v. Dosohs I, Ltd., Inc., 2 S.W.3d 350, 353 (Tex. App.—San Antonio 1999,
pet. denied).

          Appellees
complained of Welch's standing to bring suit in their plea in abatement.  As stated above, standing is an issue of
subject matter jurisdiction and should be brought before the trial court in a
plea of jurisdiction.  Cortez, 66 S.W.3d at 231; Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000).  If
a plea of jurisdiction is granted, the case is dismissed, and the plaintiff can
appeal the decision.  Jarrell, 418 S.W.2d at 488.  The court could have treated the plea in
abatement as a plea to the jurisdiction and dismissed the case, but it chose
instead to treat it as a plea in abatement. 
See Blue, 34 S.W.3d at 552.

          This
left the plaintiff in a situation where he could not appeal the abatement and
could not on his own motion ask for a dismissal.  Asking for relief through mandamus might have
been an available remedy; however, we have never held that mandamus is
available when a trial court erroneously grants a plea in abatement.  Also, mandamus is generally not available to
control the incidental rulings of a trial court, such as rulings on pleas in
abatement.  Abor v. Black, 695 S.W.2d 564, 567 (Tex. 1985) (stating that
mandamus to compel the granting of pleas in abatement is generally limited to
those instances where one court has interfered with the jurisdiction of
another); See also Pope v. Ferguson,
445 S.W.2d 950, 954 (Tex. 1969); But see,
In re Sims, 88 S.W.3d 297, 306 (Tex. App.—San Antonio 2002); In re Hibernia Nat. Bank, 21 S.W.3d 908,
908-09 (Tex. App.—Corpus Christi 2000).

          We
find that Welch has shown good cause for the long period of inactivity in this
case.  We note that the case had
continual activity with multiple discovery filings along with Murray's three requests for a trial setting.  Even after the first abatement, the record
indicates activity with Welch's two requests for a hearing on his motion to
reinstate.  Once the case was abated for
the second time, there was no activity for a long period.  Yet, Welch responded immediately to the
dismissal, and was active in the appeal and after the Court reversed the first
dismissal.  Also, each time the issue of
standing was put before the trial court, Welch filed lengthy briefs documenting
his right to pursue the case as an assignee.

          We
find that the granting of the plea in abatement effectively kept Welch from
continuing with the lawsuit, as no possible cure in the pleadings could correct
the Appellees' claim of lack of standing. 
Hebert v. Shrake, 492 S.W.2d
605, 607 (Tex. Civ. App.—Houston [1st Dist.] 1973, no writ) (sustaining the
trial court's dismissal for want of prosecution because the plaintiff could not
show her inability to amend her pleadings after abatement).

          We
recognize this lawsuit spans over nine years and acknowledge that the property
at issue has changed hands several times. 
However, the use of a plea in abatement to dispose finally of litigation
is not to be encouraged.  Martin, 2 S.W.3d at 353; Harper v. Welchem, 799 S.W.2d 492, 496 (Tex. App.—Houston [14th Dist.]1990, no writ); M & M Const., 747 S.W.2d at 554-55; Hatfield v. City of Port Arthur, 598
S.W.2d 669, 671 (Tex. Civ. App.—Beaumont 1980, no writ).  Therefore, we find the trial court abused its
discretion in dismissing Welch's case for want of prosecution.  Accordingly, we sustain Welch's first issue.

CONCLUSION

          We
reverse the orders of the trial court dismissing Welch's case for want of
prosecution and denying Welch's motion for partial summary judgment and remand
this cause to the trial court for further proceedings consistent with this
opinion.

 

 

                                                                   FELIPE
REYNA

                                                                   Justice

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

          (Justice
Vance dissents with a note.  Without
regard to the merits of his claim, I would hold that Welch, as owner of the
servient estate, had standing in his own right to sue to remove the easement as
a cloud on his title.  Murren v. Foster, 674 S.W.2d 406, 409
(Tex. App.—Amarillo 1984, no writ) (“Foster’s allegations of his title to the
property and Mrs. Murren’s asserted adverse claim casting a cloud upon his
enjoyment of the land is sufficient for him to maintain his action to remove
the cloud.”).  The easement is as much an
encumbrance on his title as it was Salter’s title.  At the same time, I would hold that the trial
court did not abuse its discretion in dismissing the suit on the defendants’
motion for want of prosecution.)

Reversed and remanded

Opinion delivered and filed November
 3, 2004

[CV06]











    [1]       It is settled law that a plea in
abatement may defeat the suit but would not bar the plaintiffs from bringing
another suit on the same cause of action. 
Martin v. Dosohs I, Ltd., 2 S.W.3d 350, 354 (Tex. App.—San Antonio 1999, pet. denied); Taliaferro v. Warren, 30 S.W.2d 393, 394 (Tex. Civ. App.—Dallas 1930, no writ);
see Kelley v. Bluff Creek Oil Co., 158 Tex. 180, 309 S.W.2d 208, 214, 1 Tex. Sup. Ct. J. 136 (Tex. 1958).    





    [2]       The five instances where assigned choses
in action are void are as follows: (1) the assignment of an interest in an
estate is void if used to contest a will.  Trevino v. Turcotte, 564 S.W.2d 682, 690 (Tex. 1978); 
(2) the assignment of  plaintiff's
claim to a tortfeasor in settlement is void when tortfeasor asserts the claim
against a joint tortfeasor.  Intl. Proteins Corp. v. Ralston-Purina Co.,
744 S.W.2d 932, 934 (Tex.
1988); (3) "Mary Carter" agreements are void.  Elbaor v. Smith, 845 S.W.2d
240, 250 (Tex. 1992); (4) the assignment of a defendant's
claims against his insurer to the plaintiff is void under certain
circumstances.  State Farm Fire and Cas. Co. v. Gandy, 925
S.W.2d 696, 705 (Tex. 1996); and (5) the assignment of client's legal
malpractice claim arising out of litigation is void.  Zuniga v. Groce, Locke, &
Hebdon, 878 S.W.2d 313, 318 (Tex. App.—San Antonio 1997, writ ref'd).





    [3]       For jury trials, the applicable time
period is 18 months from appearance date. 
Tex. R. Jud. Admin. 6.