

CHIEF JUSTICE
JAMES T. WORTHEN

CLERK
CATHY S. LUSK

**TWELFTH COURT OF APPEALS**

JUSTICES
SAM GRIFFITH
DIANE DeVASTO

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

Thursday, March 31, 2005

Ms. Susan D. Bonnen
Assistant Attorney General
Transportation Division
P.O. Box 12548
Austin, TX 78711-2548

Ms. Celia S. Flowers
Flowers-Davis, PLLC
1021 ESE Loop 323
Suite 200
Tyler, TX 75701

RE:  Case Number:            12-04-00010-CV
     Trial Court Case Number:  44,456-A

**Style:**  The State of Texas
v.
Donald Howard Davis

Enclosed is a copy of the Memorandum Opinion issued this date in the above styled and numbered cause. Also enclosed is a copy of the court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: *Katrina McClenny*
Katrina McClenny, Chief Deputy Clerk

CC:     Hon. John Ovard
        Hon. Randall L. Rogers
        Ms. Judy Carnes

# NO. 12-04-00010-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW # 2 OF* |
| *DONALD HOWARD DAVIS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

In one issue, the State of Texas contends that the trial court erred by dismissing its case for want of prosecution and failing to reinstate the case. We reverse and remand.

### BACKGROUND

On September 1, 2000, the State filed an "Original Petition for Condemnation," seeking the acquisition of a 6.12 acre tract of land out of a 7.7223 acre tract owned by Irene Elizabeth Davis. The trial court appointed three Special Commissioners ("the Commissioners") to assess the damages arising from the condemnation. On November 1, the Commissioners requested appraisal reports and other records from the State that showed how much money the State paid other landowners in the area for their land. The State objected to this request, and a hearing was held on November 21 to determine whether the State was required to produce these documents. The trial court subsequently appointed an attorney for the Commissioners and, on December 27, ordered the State to produce information on all real property acquired by the State and located within three miles of the property at issue.

The State challenged the order by petition for writ of mandamus to this court. On January 23, 2002, we held that although the trial court abused its discretion by making the

complained-of orders, the State had an adequate remedy at law by appeal of the Commissioners' award of damages to the county court at law. *See In re State*, 65 S.W.3d 383, 388 (Tex. App.– Tyler 2002, orig. proceeding).

On April 10, 2002, the Commissioners conducted a hearing and, at its conclusion, awarded Davis $120,000.00 in damages and $9,000.00 in attorney's fees. The Commissioners also issued a "Bill of Costs of Special Commissioners" against the State, requesting that the trial court order the State to pay attorney's fees for their appointed counsel and transcript preparation expenses. That same day, the trial court ordered the State to pay the Commissioners' bill.

Once again, the State filed a petition for writ of mandamus in this court, seeking an order directing the trial court to withdraw its order regarding the payment of the Commissioners' bill. In an opinion dated September 18, 2002, we conditionally granted the writ of mandamus and held that the trial court's order granting the Commissioners' recovery of their expenses from the State was an abuse of discretion because the trial court lacked jurisdiction to enter the order. *See In re State*, 85 S.W.3d 871, 875 (Tex. App.– Tyler 2002, orig. proceeding). We also held that the State had no adequate remedy by appeal. *Id*. at 877. We reasoned that the order requiring payment of the Commissioners' bill caused the State to forfeit its right to avoid liability for an award made in the administrative phase and proceed to a determination of damages in a trial de novo. *Id*. at 877.

On May 2, 2002, the State filed its "Objections to Award of Special Commissioners," contending that the Commissioners' award of damages on April 10 was 1) excessive, 2) not calculated properly, and 3) an amount outside the scope of the Commissioners' jurisdiction and authority.

On August 15, 2003, Donald Howard Davis, the Independent Executor of the Estate of Irene Elizabeth Davis, filed a "Suggestion of Death," informing the trial court that Mrs. Davis had died on May 24, 2003 and requesting the trial court to name him as the plaintiff in the instant litigation. In an order dated September 3, the trial court granted Davis's request to allow the suit to proceed in his name.

On September 30, the trial court issued a notice to all parties that the case was set for hearing on November 21 at 9:00 a.m. on the court's dismissal docket. The notice further stated that

Court records indicate that this case is eligible for DISMISSAL DOCKET because it has been on file since 09/01/00. This case will be Dismissed for Want of Prosecution unless one of the following actions is taken 5 days prior to the hearing date:

(1)     A Judgment is signed; or
(2)     A written request is made for a trial setting; or
(3)     A verified Motion and Order to retain is filed.

On November 5, Davis filed a motion to dismiss, contending that the case should be dismissed because the State had taken no substantive action in the case in over one year and three months. In the motion, Davis also sought damages under sections 21.019 and 21.044 of the Texas Property Code for attorney's fees and expenses and for damages for the State's possession of the property at issue. *See* TEX. PROP. CODE ANN. § 21.019 (Vernon 2004), § 21.044 (Vernon 2000).

On November 14, seven days before the hearing on the court's dismissal docket, the State sent a letter to the trial court requesting that the case be removed from the dismissal docket and set for a jury trial. On November 17, the court signed an order setting the case for trial on Monday, April 12, 2004 at 9:00 a.m. The State also filed a response to Davis's motion to dismiss on November 21, contending that the case should not be dismissed because it had diligently pursued discovery since the trial court acquired jurisdiction in May of 2002. It also argued that the death of Mrs. Davis made it difficult to conduct discovery because no supplemental discovery responses were made that named additional persons with knowledge of relevant facts. In the response, the State outlined the following dates on which discovery and other procedural matters took place:

| | |
|---|---|
| September 1, 2000 | State files its Original Petition |
| October 10, 2000 | Landowner served with Notice of November 1, 2000 hearing |
| November 1, 2000 | Special Commissioner's [sic] Hearing begins, recessed so that Special Commissioner's [sic] could consult with the trial judge |
| November 12, 2000 | Hearing held before Trial Court, order entered appointing attorney for Commissioners |
| April 10, 2002 | Hearing resumes, Special Commissioners enter award |
| May 2, 2002 | State files its Objections to the Award of the Special Commissioners |
| June 28, 2002 | State serves its Requests for Disclosure upon Landowner |

3

| August 9, 2002 | State serves its Request for Entry upon Landowner's Property on September 10, 2002 |
| August 22, 2002 | State serves its Discovery Requests upon Defendant (including Requests for Admissions) |
| February 21, 2003 | State serves its Second Request for Admissions upon Defendant |
| February 19, 2003 | Condemnor transmits the appraisal report of John Chesley and requests available dates in March for the deposition of the landowner, Ms. Davis |
| August 14, 2003 | Landowner files Suggestion of Death and Order on Same |

After the hearing on November 21, the trial court ordered that the case be dismissed for want of prosecution "[f]or failure to comply with the notice dated September 30, 2003 and after hearing on 11-21-03." On December 4, the State filed a verified motion to reinstate the case and attached the discovery-related documents outlined in its response to Davis's motion to dismiss.[1] The State also attached an affidavit from Alan L. Grundy, an attorney representing the State, verifying the authenticity of those documents and outlining the procedural history of the case.

On January 2, 2004, Davis filed a "Brief in Support of Upholding Dismissal," asking the court to sustain its dismissal of the case and deny the State's motion to reinstate. On January 2, the trial court signed an order denying the State's motion to reinstate the case. The State filed a notice of appeal on January 15.

## DID THE TRIAL COURT ERR BY DISMISSING AND REFUSING TO REINSTATE THE CASE?

In its sole issue, the State argues that the trial court erred by dismissing and refusing to reinstate its case. Davis contends that this court does not have jurisdiction over this case because the trial court's order of dismissal did not dispose of all issues and parties. He also maintains that the trial court did not abuse its discretion by dismissing the State's case for want of prosecution and refusing to reinstate it.

### Standard of Review

The standard of review of a dismissal for want of prosecution and a denial of a motion to

---

[1] These discovery requests were also admitted into evidence, without objection, at the hearing on the motion to dismiss.

4

reinstate is whether the trial court committed a clear abuse of discretion, and the main issue is whether the plaintiff exercised reasonable diligence in pursuing his suit. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex.1997); *State v. Rotello*, 671 S.W.2d 507, 509 (Tex.1984); *Nawas v. R & S Vending*, 920 S.W.2d 734, 737 (Tex. App.– Houston [1st Dist.] 1996, no writ). The trial court may consider the entire history of the case, including (1) the length of time the case was on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of a reasonable excuse for the delay. *In re Marriage of Seals*, 83 S.W.3d 870, 874 (Tex. App.– Texarkana 2002, no pet.). In reviewing the trial court's decision, we look at the entire history of the case and perform a fact-intensive, case-by-case determination. *See Federal Deposit Ins. Corp. v. Kendrick*, 897 S.W.2d 476, 479-81 (Tex. App.– Amarillo 1995, no writ).

The test for abuse of discretion is whether the trial court acted without reference to guiding rules and principles, or whether the trial court's actions were arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex.1985). A reviewing court cannot conclude that a trial court abused its discretion simply because, in the same circumstances, it would have ruled differently, or because the trial court committed a mere error in judgment. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex.1995); *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex.1989).

**Applicable Law**

A trial court's power to dismiss a suit for want of prosecution originates from two sources: Texas Rule of Civil Procedure 165a and (2) the trial court's inherent authority. T EX. R. CIV. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999); *Steward v. Colonial Cas. Ins. Co.*, 143 S.W.3d 161, 163-64 (Tex. App.– Waco 2004, no pet.). A trial court may dismiss a suit under Rule 165a when (1) a party fails to appear for a trial or hearing or (2) when a suit is not disposed of within the time standards given by the supreme court. TEX. R. CIV. P. 165a(1), (2); *Steward*, 143 S.W.3d at 163-64. Independent of the rules of civil procedure, a trial court may also dismiss a suit under its inherent authority by finding a lack of due diligence in prosecuting the case. *Villarreal*, 994 S.W.2d at 630; *Allen v. Rushing*, 129 S.W.3d 226, 230 (Tex. App.– Texarkana 2004, no pet.).

The trial court did not specify under what authority it dismissed the case. However, we

5

know from the record that the State did not fail to appear for trial or a hearing. Therefore, the trial court could have dismissed the case only because the suit was not disposed of within the applicable time periods or for lack of due diligence in prosecuting the case "because it [had] been on file since 09/01/00." For jury trials, which the State requested, the applicable time period is eighteen months from the appearance date. TEX. R. JUD. ADMIN. 6, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. F app. (Vernon 2005).

The judicial phase of a condemnation proceeding is first invoked only if, as here, a party files objections to the special commissioners' award. *In re State*, 85 S.W.3d at 876. Upon filing objections, the special commissioners' award is vacated, and a trial de novo is conducted. *Id.*; *see also* TEX. PROP. CODE ANN. § 21.018(b) (Vernon 2004). The case is tried "in the same manner as other civil causes," and the commissioners' award is inadmissible. *Id.* In other words, the filing of objections coupled with the service of citation on the other party signals the end of the administrative proceeding and prevents reinstatement of the commissioners' award. *State v. Carlton*, 901 S.W.2d 736, 738 (Tex. App.– Austin 1995, no writ).

## Analysis

The instant case is similar to *Villareal*, where the notice of dismissal stated that

> BY DIRECTION OF THE PRESIDING JUDGE OF SAID COURT[,] NOTICE IS HEREBY GIVEN YOU THAT THE ABOVE CAUSE(S), UPON ORDER OF THE COURT[,] IS SET FOR DISMISSAL ON THE 22ND DAY OF OCTOBER, 1996 . . . . YOU ARE REQUESTED TO BE PRESENT AND MAKE YOUR ANNOUNCEMENT. IF NO ANNOUNCEMENT IS MADE, THIS CAUSE WILL BE DISMISSED FOR WANT OF PROSECUTION. ALL ORDERS THAT WILL REMOVE A CASE FROM THE DISMISSAL DOCKET MUST BE SUBMITTED TO THE DISMISSAL DEPARTMENT ON OR BEFORE THE DATE WHEN THE DOCKET IS CALLED. YOU ARE REMINDED THAT THIS IS NOT A DOCKET FOR THE RE-SETTING OF CASES, BUT FOR THEIR DISMISSAL.

*Villareal*, 994 S.W.2d at 629. Upon receiving the notice, Villareal 1) filed a motion to set the case on the jury docket, 2) filed a motion to retain the case, asserting that he was ready to go to trial, and 3) appeared at the dismissal hearing and announced that he was ready for trial. *Id.* On appeal, Villareal contended that dismissal was improper because he complied with the notice's conditions. The Texas Supreme Court held that because Villareal complied with all of the requirements of the notice, the trial court abused its discretion by invoking its inherent authority to dismiss for failure

6

to prosecute diligently. *Id.* at 632.

In the instant case, the State filed a written request for a trial setting before the five-day period mandated by the dismissal notice began. Upon receiving the request for a trial setting, the court set the case for trial on April 12, 2004 at 9:00 a.m. The State complied with one of the three methods delineated in the dismissal notice for keeping the case off the dismissal docket. Accordingly, we hold that the trial court abused its discretion in dismissing the State's case by acting without reference to its own rules. *See Villareal*, 994 S.W.2d at 632 ("Because a reasonable litigant would understand that only an announcement of ready for trial would justify removal from the dismissal docket, we reject Defendants' [argument]").

We also hold that the trial court abused its discretion by dismissing the case for lack of due diligence in prosecuting the case because the record demonstrates the opposite. The judicial proceedings in this case began on May 2, 2002, when the trial court invoked its jurisdiction after the State filed its objections to the special commissioners' award. The case had been on file approximately 17 months at the time the trial court sent notice that the case had been set for hearing on the dismissal docket and was dismissed after being on file for approximately 19 months. Throughout those 17 months, discovery requests were sent and answered, a request for available deposition dates for Mrs. Davis was sent, and the State's final discovery request, its second request for admissions, was sent on February 21, 2003, seven months before the court sent the dismissal notice. Mrs. Davis answered those requests on March 24, 2003, six months before the court sent notice that the case was being placed on the dismissal docket. On August 14, 2003, one month before the court sent the dismissal notice, Davis informed the court and the State that Mrs. Davis had died on May 24 and that he would be taking over as the plaintiff in the case.

At the time the court sent the notice of dismissal, the case had not yet reached the 18-month time period for disposing of cases and had not been on file since "09/01/00." The trial court apparently mistook the date the original petition for condemnation was filed (September 1, 2000) for the date it invoked jurisdiction over the case (May 2, 2002). Therefore, the trial court abused its discretion by dismissing the State's case for lack of diligence in prosecuting it when it had only been on file for 17 months instead of 36 months as shown in the notice.

7

The State's sole issue is sustained.[2]

## CONCLUSION

The trial court abused its discretion by dismissing the State's case when the record reflects that 1) the State complied with the requirements contained in the notice for keeping the case from being dismissed and 2) the case was still within the eighteen-month time period for a case to reach its conclusion.

The judgment of the trial court is ***reversed*** and the cause is ***remanded*** to the trial court for proceedings consistent with this opinion.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 31, 2005.
*Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.*

(PUBLISH)

---

[2] We have held that the trial court erroneously dismissed the State's case. Accordingly, we need not address Davis's contention that this court is without jurisdiction to consider the State's appeal because live issues regarding damages for temporary possession and attorney's fees resulting from the dismissal of the case remain in the trial court.



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## JUDGMENT

**MARCH 31, 2005**

## NO. 12-04-00010-CV

**THE STATE OF TEXAS,**

Appellant

V.

**DONALD HOWARD DAVIS,**

Appellee

Appeal from the County Court at Law No. 2
of Smith County, Texas (Tr.Ct.No.44,456-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being inspected, because it is the opinion of this Court that there was error in the judgment of the court below it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **REVERSED** and the cause **REMANDED** to the trial court **FOR FURTHER PROCEEDINGS** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*