

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00436-CV

**DARNELL SMITH,**

**Appellant**

 **v.**

**ROBERT H. QUADA, ET AL,**

**Appellees**


### From the 12th District Court
### Walker County, Texas
### Trial Court No. 24,438


## MEMORANDUM OPINION


Appellant Darnell Smith, a state-prison inmate, sued several Texas prison administrators and law library officials under 42 U.S.C. § 1983, primarily alleging violation of his constitutional rights by their alleged retaliation against him as a result of his involvement in other litigation against some of the same prison officials.  The trial court dismissed the case for want of prosecution, and Smith appeals.  Smith specifically complains about the trial court's failure to issue a bench warrant for him to attend the

dismissal hearing and generally complains about the trial court's dismissal.[1]  We will affirm.

Smith's suit was filed on November 5, 2008.  He did not file a jury demand or request a jury trial.  The Appellees (Defendants) answered six weeks later on December 22, 2008 and also filed a motion to stay the suit for 180 days under Civil Practice and Remedies Code section 14.005(c), but no stay was ordered by the trial court.  The Appellees did not file a motion to dismiss under section 14.003.

Smith filed a motion for discovery control plan on January 4, 2010, which was twelve and one-half months after the appearance date, but he did not request a hearing on his motion until August 19, 2011, after receiving the trial court's notice of dismissal for want of prosecution.  The record otherwise reflects no activity by Smith to prosecute his case; for example, Smith did not engage in any discovery, file any dispositive motions, or request a trial setting.

A notice of dismissal for want of prosecution was filed and sent on June 26, 2011, thirty months after the appearance date.  The notice states that the listed cases (which included Smith's case) will be dismissed on October 11, 2011 at 1:30 p.m. unless the parties appear in person and show good cause for the case to be maintained on the docket.  The notice did not specify if the dismissal for want of prosecution was under Rule of Civil Procedure 165a or the trial court's inherent power.  *See Dueitt v. Arrowhead Lakes Prop. Owners, Inc.,* 180 S.W.3d 733, 737 (Tex. App.—Waco 2005, pet. denied).

---

[1] Smith's two issues specifically complain about the trial court's failure to bench warrant him or to otherwise provide a means for him to respond to the dismissal notice.  Because he has also briefed the argument that he did not fail to prosecute his case, we will address that argument.  *See* TEX. R. APP. P. 38.1(f).

Thereafter, Smith did little, if anything, to prosecute his case. As mentioned, on August 19, 2011, he filed a setting request on his motion for discovery control plan that he had filed over nineteen months earlier on January 4, 2010. In his setting request, Smith requested a hearing on October 11, 2011, the date of the dismissal hearing. On August 24, 2011, Smith filed an application for writ of habeas corpus ad testificandum (for a bench warrant) so that he could testify at the dismissal hearing, but he did not separately call the application directly to the trial court's attention and it was not ruled on. *See Enriquez v. Livingston,* 400 S.W.3d 610, 619 (Tex. App.—Austin 2013, pet. filed) ("It is certainly true that, for many types of motions, the movant has the burden to set a hearing on his motion or make a direct request to a trial judge for a hearing. This is because motions are usually handled by the court clerk and are placed—physically or electronically—in the case file, meaning that a busy trial judge will, in all likelihood, not even be aware that the motion has been filed."); *see also In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) ("The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion."). Also, in advance of the dismissal hearing, Smith did not file an affidavit or declaration to explain why his case should not be dismissed for want of prosecution.

On October 11, 2011, almost thirty-four months after the appearance date, the trial court dismissed the case with an order providing: "The above case is dismissed for want of prosecution pursuant to Rule 165A, Texas Rules of Civil Procedure." Smith did not file a motion to reinstate.

A trial court's power to dismiss a suit for want of prosecution originates from two sources: (1) Texas Rule of Civil Procedure 165a and (2) the trial court's inherent authority. TEX. R. CIV. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Steward v. Colonial Cas. Ins. Co.*, 143 S.W.3d 161, 163-64 (Tex. App.—Waco 2004, no pet.); *Binner v. Limestone County*, 129 S.W.3d 710, 712 (Tex. App.—Waco 2004, pet. denied). A trial court may dismiss a suit under Rule 165a when (1) a party fails to appear for a trial or hearing or (2) when a suit is not disposed of within the time standards given by the Supreme Court. TEX. R. CIV. P. 165a(1), (2); *Steward*, 143 S.W.3d at 163-64. Independent of the rules of civil procedure, a trial court may also dismiss a suit under the inherent authority given to it by common law. *Villarreal*, 994 S.W.2d at 630; *Steward*, 143 S.W.3d at 163-64.

*Id.*

"A party must be provided with notice and an opportunity to be heard before a trial court may dismiss a case for want of prosecution under either Rule 165a or its inherent power." *Id.* But an opportunity to be heard before dismissal for want of prosecution does not necessitate an oral hearing: "A plaintiff whose suit is threatened with dismissal for want of prosecution has an adequate opportunity through written response, including affidavits if necessary, to show why his case should be retained on the court's docket." *Enriquez*, 400 S.W.3d at 619; *see also Comeaux v. Gage,* No. 09-11-00254-CV, 2012 WL 1249236, at *2 (Tex. App.—Beaumont Apr. 12, 2012, pet. denied) (mem. op.) (in suit dismissed under Rule 165a(1), "the trial court was not required to hold an oral hearing or permit Comeaux to personally appear before dismissing Comeaux's lawsuit. … All that is required is notice and an opportunity to be heard, …").

"If a case is dismissed and the trial court's order simply states that the dismissal is for 'want of prosecution' but does not specify a reason for the dismissal, on appeal the

dismissal will be affirmed if any proper ground supports the dismissal." *Shook v. Tatge Mfg. Co.,* 951 S.W.2d 294, 296 (Tex. App.—Waco 1997, writ denied); *see Nichols v. Sedalco Constr. Servs.,* 228 S.W.3d 341, 342 (Tex. App.—Waco 2007, pet. denied) (citing *Dueitt,* 180 S.W.3d at 737). In this case, the trial court dismissed the case for want of prosecution under Rule 165a, but because Smith did not request findings of fact or conclusions of law and the trial court's order did not specify the reason for dismissal, we may affirm the dismissal under either Rule 165a(1) or 165a(2). *See Nichols,* 228 S.W.3d at 342 (citing *Dueitt,* 180 S.W.3d at 737).

> "Any case not disposed of within time standards promulgated by the Supreme Court under its administrative rules may be" dismissed. TEX. R. CIV. P. 165a(2); *see Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 850 (Tex. 2004); *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.,* 180 S.W.3d 733, 737 (Tex. App.—Waco 2005, pet. denied). Under those Texas Rules of Judicial Administration, district-court judges "should, so far as reasonably possible, ensure that all" non–family law civil "cases are brought to trial or final disposition," for nonjury cases, "[w]ithin 12 months from appearance date." TEX. R. JUD. ADMIN. 6, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (Vernon 2005); *id.* (b)(2); *see Polk v. Sw. Crossing Homeowners Ass'n,* 165 S.W.3d 89, 96 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

*Nichols,* 228 S.W.3d at 342.

> We review a dismissal for want of prosecution under an abuse-of-discretion standard. *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984); *In re Marriage of Seals*, 83 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, no pet.). A trial court abuses its discretion when it acts "without reference to any guiding rules or principles," or, stated another way, when the trial court acts in an arbitrary and unreasonable manner. *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985)).

*Dueitt,* 180 S.W.3d at 737.

The central issue is whether the plaintiff exercised reasonable diligence. *Nichols,*

228 S.W.3d at 342 (citing *MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex. 1997)). "In determining … whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case; including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay." *Dueitt,* 180 S.W.3d at 739. "No single factor is dispositive … ." *Id.*

Because Smith did not seek a jury trial, this case should have been brought to trial or final disposition within twelve months from the appearance date. TEX. R. JUD. ADMIN. 6.1(b)(2). While we are aware that imprisonment burdens a pro se inmate-litigant, Smith still "was responsible to prosecute his action with diligence, like any other litigant." *Coleman v. Lynaugh,* 934 S.W.2d 837, 838 (Tex. App.—Houston [1st Dist.] 1996, no writ).

We have carefully reviewed the record. As stated above, after Smith filed his petition and the Defendants appeared, the only action Smith took to actually prosecute his case was to file a motion for discovery control plan twelve and one-half months after the appearance date, but he did not request a hearing on the motion for over nineteen more months, and that was only after he had received the trial court's dismissal notice.[2] Based on Smith's nearly complete absence of prosecuting his case for almost three years

---

[2] Smith asserts that he requested a trial setting, but he did not. His setting request, which was made on the court's form, requested a hearing on his motion for "discovery plan; scheduling order." Separate blanks on the form were for bench and jury trial settings, but they were not checked. Even if we were to construe Smith's request for a hearing on his motion for "discovery plan; scheduling order" to include a request for a trial setting, that factor alone would not be dispositive of whether he exercised reasonable diligence, especially since it occurred after the dismissal notice and thirty months after the appearance date.

and the absence of a reasonable excuse for his failure to prosecute,[3] we cannot say that the trial court abused its discretion in dismissing the case for want of prosecution under Rule 165a(2).  *See, e.g., Francis v. Tex. Dep't Crim. Just.—Inst. Div.*, No. 10-08-00154-CV, 2008 WL 5246854, at *2-3 (Tex. App.—Waco Dec. 17, 2008, no pet.) (mem. op.).  We overrule Smith's complaint about the dismissal.  And because we can affirm the trial court's dismissal under Rule 165a(2), we need not address Smith's issues about dismissal under Rule 165a(1) and the trial court's alleged failure to issue a bench warrant.  For this same reason, any error by the trial court in failing to issue a bench warrant and hold an oral hearing under the dismissal notice is harmless.  *See Dueitt*, 180 S.W.3d at 741 (citing TEX. R. APP. P. 44.1(a)).  We affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 15, 2013
[CV06]

---

[3] In his brief, Smith asserts several excuses for his inactivity in this case, but they either lack merit or are inadequate.  Smith argues that he had to litigate another lawsuit in 2009 and that prison officials confiscated most of his legal materials for two months in 2009, but neither of those reasons justify his inactivity over this case's thirty-five month history.  He also asserts that the defendants' motion to stay discovery "caused discovery to be frozen," but it did not; the trial court did not order a stay.  Smith also blames the trial court for failing to rule on his motion for discovery plan, but Smith waited over nineteen months to request a hearing on his motion.  And in any event, Smith could have conducted discovery without a discovery plan.