Bennett COULSON, Petitioner,

v.

LAKE LBJ MUNICIPAL UTILITY DISTRICT, Respondent.

No. C–3204.

Supreme Court of Texas.

Oct. 24, 1984.

Rehearing Denied Nov. 21, 1984.

Sears & Burns, C. Charles Dippel, Houston, for petitioner.

Randall D. Wilkins, Houston, for respondent.

PER CURIAM.

Bennett Coulson complains of a court of appeals' dismissal for want of prosecution of his appeal of an adverse part of a trial court judgment. Coulson sued Lake LBJ Municipal Utility District to recover compensation for engineering services. The trial court rendered judgment from which both parties sought to appeal. Both parties perfected their appeals by filing bond or cash deposit in lieu of bond. Neither party, however, was able to obtain a complete record by the court of appeals' filing deadline. Lake LBJ and Coulson, therefore, filed a joint motion on December 23, 1983 to extend time for filing the record. No cause number was given to this motion because it was filed before the transcript.

Four days later each party gave a transcript to the clerk of the court of appeals. The clerk sent notice to both parties that Lake LBJ's transcript was filed and assigned docket number 14,130. Because Coulson's transcript did not reflect Lake LBJ's motion for new trial, it was only received and assigned docket number 14,-131. Coulson filed a supplemental transcript showing the motion for new trial

which had extended his filing deadline. The clerk thereafter filed Coulson's transcript.

On January 4, 1984, the court of appeals granted the first joint motion for extension of time to file the record. The new deadline for filing the statements of facts was March 29, 1984. The clerk filed this motion only with docket number 14,130 and not with Coulson's appeal, docket number 14,131. Almost two months later, on February 29, 1984, pursuant to Tex.R.Civ.P. 415, the court of appeals, in an unpublished opinion, dismissed Coulson's appeal in docket number 14,131, for want of prosecution. [Tex.R.Civ.P.415 repealed effective April 1, 1984. *See* current R. 414(k)]. The court of appeals explained that the statement of facts was due in Coulson's appeal fifteen days after the filing of the transcript and any motion for extension of time to file a brief was due by February 10, 1984; that neither a brief nor a motion had been filed; and, Coulson had failed to show good cause for the failure to file. Coulson filed a motion for rehearing, explaining to the court that his appeal had mistakenly been assigned a different docket number from Lake LBJ's appeal. Coulson's motion also contained a request for consolidation of the two docket numbers. The court of appeals overruled Coulson's motion on April 11, 1984 in another unpublished opinion, and again recited Coulson's failure to show good cause.

■ Rule 415 allowed the court of appeals to dismiss the appeal for want of prosecution, "unless reasonable explanation is shown for such failure and that appellee has not suffered material injury thereby." The comment to old Tex.R. Civ.P. 415 and new Rule 414(k) (effective April 1, 1984) indicates that the rule was changed effective January 1, 1981, to require the application of the "reasonable explanation" standard rather than the more stringent "good cause" standard explained in *Montgomery Ward and Company, Inc. v. Dalton,* 602 S.W.2d 130 (Tex.Civ.App.— El Paso 1980, no writ). A reasonable explanation requires only a "plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.1977). Thus the court of appeals has erred in this case in applying the abandoned "good cause" standard.

■ Coulson has presented a reasonable explanation. In two motions for rehearing, Coulson explained to the court that the root of the problem was the clerk's assigning of two different numbers to appeals in the same cause and the subsequent misfiling of the various motions. Coulson had filed the transcript. He had also filed a joint motion to extend time, but the clerk who had created two cause numbers filed this motion only in one of the appeals. The record also shows that Lake LBJ has not been harmed. Coulson's reasonable explanation and Lake LBJ's lack of injury compel this court to grant the application for writ of error and without hearing oral argument reverse the court of appeals' dismissal of Coulson's appeal and order the appeal reinstated and consolidated with Lake LBJ's appeal. Tex. R.Civ.P. 483.