**Opinion issued January 18, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-22-00531-CV**

———————————

**JUSTIN FOLSOM, Appellant**

**V.**

**TERRY J. FOLSOM, INDIVIDUALLY AND AS THE INDEPENDENT EXECUTOR OF THE ESTATE OF MURRAY C. FOLSOM, Appellee**

---

**On Appeal from the County Court at Law**
**Washington County, Texas**
**Trial Court Case No. 2012-113**

---

**MEMORANDUM OPINION**

In May 2020, Justin Folsom sued his uncle, Terry Folsom, over a dispute involving his grandfather's will. In April 2022, after almost no action in the case, the trial court dismissed Justin's case against Terry for want of prosecution. The trial court also denied Justin's motion for reinstatement of the case. We affirm.

## BACKGROUND

Terry, the appellee, is Murray Folsom's son, the administrator of his estate, and the sole beneficiary of Murray's will. Justin, the appellant, is Murray's grandson and Terry's nephew. In May 2020, Justin sued Terry, challenging Murray's will and claiming Murray's property should have been distributed to all of Murray's heirs according to the laws of intestacy. When Terry filed his answer, his attorney and Justin's attorney discussed filing an application to determine heirship so that all of Murray's potential heirs could be joined in the case. Justin's attorney left the conversation with the understanding that Terry, as administrator of Murray's estate, would file the application.

As Justin describes in his appellate brief, he filed this case "in the very heart of the early days of the Covid-19 pandemic." No action was taken in the case until January 2021, when Terry filed a motion to abate. He argued the case should be abated to find and join Murray's other potential heirs, who would be necessary parties.

The trial court granted Terry's motion and abated the case in March 2021. The trial court ordered Justin to file the application to determine heirship, which he did almost two weeks later. After eight months passed and a couple of potential heirs were identified, the trial court in October 2021 lifted the abatement and ordered Justin to join the potential heirs in the case and serve them with citation by the end

2

of November. Justin amended his petition to join the potential heirs but did not serve them. He also failed to timely respond to Terry's discovery requests.

Terry then filed a motion to dismiss the case for want of prosecution in February 2022. The trial court, after a hearing, granted the motion and dismissed the case in April, 21 months after Justin filed suit. Justin filed a motion to reinstate the case, which the trial court denied after a hearing, and Justin now appeals.

## DISCUSSION

In a single issue, Justin argues the trial court erred in dismissing his case for want of prosecution and in denying his motion for reinstatement after dismissal.

### *Applicable Law*

After a trial court dismisses a case for want of prosecution and denies a motion to reinstate, the plaintiff may challenge on appeal: (1) the dismissal; (2) the denial of reinstatement; or (3) both. *Kirkpatrick v. Silva*, No. 04-17-00146-CV, 2018 WL 521628, at *3 n.1 (Tex. App.—San Antonio Jan. 24, 2018, no pet.) (mem. op.). Any of these issues individually, if sustained, would result in reinstatement of the case. *Id.*

### 1.    *Dismissal for Want of Prosecution*

A trial court may dismiss a case for want of prosecution under either Rule 165a of the Texas Rules of Civil Procedure or the trial court's inherent common-law power to dismiss a case when a plaintiff fails to prosecute it with due diligence. *In*

*re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding) (per curiam); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *see also* TEX. R. CIV. P. 165a. Rule 165a provides two grounds for dismissal. A trial court may dismiss a case under Rule 165a(1) on the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or under Rule 165a(2) when a case is "not disposed of within the time standards promulgated by the Supreme Court under its Administrative Rules." TEX. R. CIV. P. 165a(1), (2); *Villarreal*, 994 S.W.2d at 630. The Supreme Court's Administrative Rules provide that a civil nonjury case such as this one should be brought to trial or final disposition within 12 months from the appearance date. TEX. R. JUD. ADMIN. 6.1(a)(2), *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. F app. The 12-month administrative rule is not a "rigid deadline." *See Approximately $198,006.00 U.S. Currency v. State*, No. 07-19-00275-CV, 2020 WL 4249740, at *3 (Tex. App.—Amarillo July 21, 2020, no pet.) (mem. op.).

A delay of unreasonable duration, if not sufficiently explained, raises the conclusive presumption that the plaintiff has abandoned his suit. *In re Conner*, 458 S.W.3d at 534. This presumption justifies the trial court's dismissal of the case under Rule 165a(2). *Id.* The notice and hearing requirements described in Rule 165a(1), which require a plaintiff to show "good cause for the case to be maintained on the docket" at the dismissal hearing, also apply to dismissals under Rule 165a(2). *See*

4

TEX. R. CIV. P. 165a(1); *In re Conner*, 458 S.W.3d at 535 ("[W]hile Rule 165a(2) does not refer to Rule 165a(1)'s procedural requirements, including notice and a hearing, neither does it suggest a basis for deviating from those procedures."). Thus, to avoid dismissal under Rule 165a(2), a plaintiff bears the burden to produce evidence showing good cause for his failure to prosecute the case within the applicable time standard. *See In re Conner*, 458 S.W.3d at 535 (concluding dismissal under Rule 165a(2) was mandated after plaintiffs failed to show good cause for delay); *Cotten v. Briley*, 517 S.W.3d 177, 182 (Tex. App.—Texarkana 2017, no pet.) ("[T]he party opposing the dismissal has the burden to produce evidence at the hearing showing good cause for its delay in prosecuting the case.").

Both parties agree this case involves only the trial court's dismissal under Rule 165a(2) for failure to dispose of the case within 12 months. Generally, when the trial court's dismissal order does not specify the ground for dismissal as in this case, we may affirm the trial court's ruling on any applicable legal theory supported by the record. *City of Houston v. Thomas*, 838 S.W.2d 296, 297 (Tex. App.—Houston [1st Dist.] 1992, no writ). Here, because the parties limit their discussion to Rule 165a(2) and because we can affirm the trial court's order under Rule 165a(2), we do not need to consider other grounds for dismissal. *See* TEX. R. APP. P. 47.1.

5

## 2. *Reinstatement*

"A motion to reinstate is the only remedy available to a party whose case has been dismissed for want of prosecution." *Brown v. Preston*, No. 01-16-00556-CV, 2017 WL 4171896, at *3 (Tex. App.—Houston [1st Dist.] Sept. 21, 2017, no pet.) (mem. op.). Texas Rule of Civil Procedure 165a(3) establishes the "reinstatement procedures and timetable" for all dismissals for want of prosecution. TEX. R. CIV. P. 165a(3), (4).

Justin, citing our recent opinion in *Renfro v. Davis*, states a trial court "shall reinstate" a case that has been dismissed for want of prosecution on finding "that the failure of the party or h[er] attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." No. 01-21-00540-CV, 2022 WL 3031605, at *3 (Tex. App.—Houston [1st Dist.] Aug. 2, 2022, no pet.) (mem. op.) (alteration in original) (quoting TEX. R. CIV. P. 165a(3)).

Terry, however, argues that Justin cites the wrong standard for reinstatement. He notes that the panel of this court in *Renfro* was reviewing a case that had been dismissed under Rule 165a(1), which authorizes dismissal for failure to appear at a hearing or trial. *See id.* at *1 (stating trial court dismissed case because of plaintiff's failure to appear at case management conference and failure to submit scheduling order). Quoting *Steward v. Colonial Casualty Insurance Co.*, Terry argues that Rule

165a(3)'s reinstatement standard "applies only to a dismissal for failure to appear under Rule 165a(1)," not to a reinstatement for dismissal under Rule 165a(2). 143 S.W.3d 161, 164–65 (Tex. App.—Waco 2004, no pet.). The *Steward* court explained that "[t]o obtain reinstatement under Rule 165a(2), a plaintiff must show good cause for the failure to prosecute the suit under the time standards promulgated by the Supreme Court." *Id.* at 165.

A panel of this court appeared to agree with the *Steward* court in *Whallon v. Candlelight Trails I Ass'n*, No. 01-18-00493-CV, 2019 WL 5996374, at *6 (Tex. App.—Houston [1st Dist.] Nov. 14, 2019, no pet.) (mem. op.). In that opinion, the panel directly quoted the *Steward* opinion: "To obtain reinstatement after dismissal under Rule 165a(2), a plaintiff 'must show good cause for the failure to prosecute the suit under the time standards promulgated by the Supreme Court.'" *Id.* (quoting *Steward*, 143 S.W.3d at 165). But the panel did not go as far as the *Steward* court in expressly stating the Rule 165a(3) standard does not apply to dismissals under Rule 165a(2).[1] The panel even cited the Rule 165a(3) standard in its reinstatement discussion. *Id.*

---

[1]    *Whallon* did not reject Rule 165a(3)'s application to a dismissal under Rule 165a(2), as the *Steward* court did. In *Whallon*, the panel concluded the record supported dismissal of the plaintiff's case under Rule 165a(2). *Whallon*, 2019 WL 5996374, at *6. In the plaintiff's motion for reinstatement, he only argued his failure to appear at trial was not the result of conscious indifference. *Id.* He did not address his failure to prosecute his case within the applicable time standard, which was the reason for dismissal. *Id.* The panel concluded the plaintiff failed to preserve error regarding

Arguably, *Whallon* supports a different standard for reinstatement than what Rule 165a(3) requires. *Whallon* says a plaintiff must show good cause to obtain reinstatement, whereas Rule 165a(3) requires only an accident, mistake, or other reasonable explanation. *See* TEX. R. CIV. P. 165a(3); *Whallon*, 2019 WL 5996374, at *6. The Texas Supreme Court has previously explained that "good cause" is a "more stringent" standard than "reasonable explanation." *Coulson v. Lake LBJ Mun. Util. Dist.*, 678 S.W.2d 943, 944 (Tex. 1984) (per curiam); *compare Montgomery Ward & Co. v. Dalton*, 602 S.W.2d 130, 131 (Tex. App.—El Paso 1980, no writ) (per curiam) (explaining that to establish "good cause," litigant must show his failure was due to "some event beyond [his] immediate control" and "was to some extent unforeseeable," and noting that "[m]ost reasons or excuses [that] have been offered as a basis for 'good cause' have been rejected"), *with Coulson*, 678 S.W.2d at 944 ("A reasonable explanation requires only a 'plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance.'" (alteration in original) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977))).

More recently, however, in the context of Rule 165a(2) dismissals, the Texas Supreme Court has suggested a plaintiff must demonstrate either good cause or a

reinstatement because he did not address the trial court's ground for dismissal. *Id.* (citing TEX. R. APP. P. 33.1).

8

reasonable explanation for a delay to avoid dismissal, indicating the terms may have the same meaning. *See In re Conner*, 458 S.W.3d at 535 ("The [plaintiffs'] failure to provide good cause for their nearly decade-long delay mandates dismissal under Rule 165a(2). . . . Absent any reasonable explanation for the delay, the trial court clearly abused its discretion by disregarding the conclusive presumption of abandonment."). The Court was only discussing the standard for dismissal and not reinstatement. But if the terms "good cause" and "reasonable explanation" have the same meaning, then the standard to avoid dismissal under Rule 165a(2) and the standard to obtain reinstatement under Rule 165a(3) would be the same.[2]

If the terms do not have the same meaning, and to the extent *Whallon*'s good-cause standard conflicts with Rule 165a(3)'s reasonable-explanation standard, this court has more often applied the reasonable-explanation standard. We have said

---

[2]     *See* Richard M. Crowe, *Making Sense of the 1988 Amendment to Texas Rule of Civil Procedure 165a*, 46 BAYLOR L. REV. 653, 662–66 (1994). If the terms do not have the same meaning, then a plaintiff has a higher burden to maintain his case on the docket than to have it reinstated after dismissal. *See id.* at 664. This results in "the inefficient and needless dismissal of cases which are simply reinstated later under an easier standard." *Id.*

In a different context, courts have recognized that the plaintiff's burden of proof at the reinstatement hearing is the same as that at the dismissal hearing. *See, e.g., Bank of Am., N.A. v. Gallegos*, No. 14-12-01146-CV, 2014 WL 3002398, at *2 (Tex. App.—Houston [14th Dist.] July 1, 2014, no pet.) (mem. op.) ("[A] motion to reinstate provides the same hearing with the same burden of proof that a plaintiff would receive under the 'good cause' standard for dismissal."). But this is in the context of determining whether a plaintiff whose case was dismissed without a hearing received due process at the reinstatement hearing and does not necessarily state the standard for reinstatement.

many times that Rule 165a(3) applies to a dismissal for want of prosecution regardless of the grounds for dismissal. *E.g.*, *Beames v. Hooks*, No. 01-14-00103-CV, 2015 WL 162226, at *3 (Tex. App.—Houston [1st Dist.] Jan. 13, 2015, no pet.) (mem. op.) ("Rule 165a(3)'s reinstatement provision applies to all dismissals for want of prosecution, including those made under the trial court's inherent power."); *Brown Mech. Servs., Inc. v. Mountbatten Sur. Co.*, 377 S.W.3d 40, 44 n.1 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (favorably citing Fourth Court of Appeals opinion that held "Rule 165a(3)'s reinstatement provision should apply to all dismissals for want of prosecution"); *Brown v. Howeth Invs., Inc.*, 820 S.W.2d 900, 903 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (citing Rule 165a(3) standard in reviewing trial court's refusal to reinstate following 16 months of inactivity); *Long v. Jalco, Inc.*, No. 01-86-0629-CV, 1987 WL 13101, at *1 (Tex. App.—Houston [1st Dist.] June 25, 1987, no writ) (not designated for publication) (Rule 165a "controls the reinstatement procedure for all cases"); *NASA I Bus. Ctr. v. Am. Nat'l Ins. Co.*, 747 S.W.2d 36, 38 (Tex. App.—Houston [1st Dist.] 1988) (Rule 165a "controls the reinstatement procedure for all cases"), *writ denied sub nom. Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W.2d 152 (Tex. 1988) (per curiam).[3]

---

[3]     But we have also said at times, "Rule 165a(3) does not apply to cases dismissed for want of diligent prosecution pursuant to a trial court's inherent powers," *Olin Corp. v. Coastal Water Auth.*, 849 S.W.2d 852, 858 n.6 (Tex. App.—Houston [1st Dist.]

Therefore, under our precedent,[4] to obtain reinstatement of a case after dismissal for want of prosecution regardless of the grounds for dismissal, a party

1993, no writ), and, "The standard set out in [Rule] 165a(3) applies only to dismissals for failure to appear at a trial or other hearing," *Ashman v. Pasadena Indep. Sch. Dist.*, No. 01-93-00879-CV, 1994 WL 543316, at *1 (Tex. App.—Houston [1st Dist.] Oct. 6, 1994, no writ) (not designated for publication).

These two cases cite authority from another court of appeals, and they conflict with earlier precedent and the majority of opinions from this court discussing reinstatement after dismissal for want of prosecution.

[4]     The courts of appeals are split on the standard for reinstatement of a case that has been dismissed for want of prosecution.

Some courts, like ours, have held that Rule 165a(3)'s standard applies to all dismissals for want of prosecution, including those under Rule 165a and the trial court's inherent power. *See, e.g.*, *Beames*, 2015 WL 162226, at *3; *Cappetta v. Hermes*, 222 S.W.3d 160, 167 (Tex. App.—San Antonio 2006, no pet.) ("[T]he Rule 165a(3) standard applies to all dismissals for want of prosecution, whether rule-based or inherent power-based.").

Other courts of appeals have held that Rule 165a(3)'s standard applies to any dismissal under Rule 165a but not to a dismissal under the trial court's inherent power. *See, e.g.*, *Aguilar v. 21st Century Res., Inc.*, 349 S.W.3d 32, 36–37 (Tex. App.—El Paso 2010, no pet.) ("Rule 165a(3)['s reinstatement provisions] do not apply to dismissals based on the trial court's inherent authority."); *Southwell Invs. Grp., III v. Indwell Res., Inc.*, No. 14-08-00695-CV, 2010 WL 1379987, at *4 (Tex. App.—Houston [14th Dist.] Apr. 8, 2010, no pet.) (mem. op.) (explaining Rule 165a(3)'s standard does not apply to reinstatement based on trial court's inherent power to dismiss case). These courts have not clearly articulated the standard for reinstatement that applies when a case is dismissed under a trial court's inherent power. *See Rampart Cap. Corp. v. Maguire*, 1 S.W.3d 106, 107 (Tex. 1999) (Hecht, J., dissenting).

Still other courts of appeals have held Rule 165a(3)'s standard only applies to dismissals under Rule 165a(1) for failure to appear at a hearing or trial. *See, e.g.*, *Steward*, 143 S.W.3d at 164–65 ("[T]he standard stated in Rule 165a(3)[] applies only to a dismissal for failure to appear under Rule 165a(1)."). These courts have so held despite Rule 165a(4)'s language that "[t]he same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases

11

must demonstrate "the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a(3); *Beames*, 2015 WL 162226, at *3. A party's failure "is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification." *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam). "Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Id.* "[C]onscious indifference means more than mere negligence." *Id.* The party seeking reinstatement bears the

---

which are dismissed pursuant to the court's inherent power." TEX. R. CIV. P. 165a(4). Arguably, the "procedures and timetable" are not the same as the *standard* for reinstatement.

The Fourth Court of Appeals explained the reasoning as follows:

> [Courts] have reasoned that "the words 'the failure' in [Rule 165a(3)] refer to a party's 'failure to appear,' which is treated at length in section one, and not to a party's failure to prosecute a case with diligence"; and "[t]he terms used in section three—'intentional,' 'conscious indifference,' 'accident,' and 'mistake'—are more applicable to failure to appear in court than to failure to prosecute a lawsuit diligently to a prompt conclusion." *Ozuna v. Southwest Bio–Clinical Labs.*, 766 S.W.2d 900, 903 (Tex. App.—San Antonio 1989, writ denied). As a result, the "procedures and timetables" referenced in Rule 165a(4) are interpreted as including everything but the Rule 165a(3) reinstatement standard, which has been held not to apply to inherent power dismissals.

*Cappetta*, 222 S.W.3d at 165–66.

burden to produce a record establishing reinstatement is required. *Templos v. Ford Motor Co.*, No. 01-12-00636-CV, 2013 WL 2948316, at *2 (Tex. App.—Houston [1st Dist.] June 11, 2013, no pet.) (mem. op.).

We do not need to decide at this time the extent to which *Whallon*, by saying reinstatement after dismissal under Rule 165a(2) requires a showing of good cause, conflicts with our earlier precedent, if at all. Under either a good-cause or reasonable-explanation standard, Justin has not demonstrated he is entitled to reinstatement.

### *Standard of Review*

We review a dismissal for want of prosecution for abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam); *Renfro*, 2022 WL 3031605, at *2. "A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, without reference to any guiding rules or principles." *Renfro*, 2022 WL 3031605, at *2. We also review the denial of a motion to reinstate for abuse of discretion. *Id.*

### *Analysis*

This case was on file for 21 months when the trial court dismissed it, and even without counting the abatement period, the case was on file for 13 months, both of which are longer than the recommended 12 months for trial or final disposition. *See* TEX. R. JUD. ADMIN. 6.1(a)(2). Therefore, to demonstrate the trial court abused its

13

discretion in dismissing the case and denying his motion to reinstate, Justin must establish the record shows he had either good cause or a reasonable explanation for the delay. We conclude the trial court did not abuse its discretion in determining he established neither.

### 1.    Delay in Filing Heirship Proceeding

After Terry answered in May 2020, his attorney and Justin's attorney discussed filing an application to determine heirship. Justin's attorney understood that Terry, as administrator of Murray's estate, would file the application to initiate the heirship proceeding. Terry denies agreeing to file the application. Regardless of the parties' understanding, no action was taken in this case for eight months, until Terry filed his motion to abate in January 2021. In this time, Justin never followed up with Terry to inquire about the heirship proceeding. He could have filed the application himself but did not. *See* TEX. EST. CODE § 202.004(2) (person claiming to be owner of all or part of decedent's estate may commence proceeding to declare heirship of decedent).

He gives no reason for this delay other than the attorneys' misunderstanding, which could have been a mistake. *See* TEX. R. CIV. P. 165a(3) (to obtain reinstatement, party must demonstrate accident, mistake, or other reasonable explanation). But Justin made no effort to correct the mistake or misunderstanding, and took no other action in the case, for eight months. Justin could have filed the

application or at least asked about why the application had not been filed in this time. Even after Terry filed his motion to abate, Justin took no action in the case, only filing the heirship application in April 2021 after the trial court ordered him to do so. The trial court could have concluded the misunderstanding that lasted eight months was not a good cause or reasonable explanation for the delay.

2.      *Covid-19 Pandemic*

Justin also argues that his delay between filing suit and eventually filing the heirship application almost a year later was caused by the Covid-19 pandemic. His attorney's law firm office was "effectively shut down," his attorney began working from home but also had the responsibility of childcare and virtual schooling, and his attorney contracted Covid-19 in December of 2020. However, Terry notes in his appellate brief that "the hardships Justin's counsel experienced were unfortunately typical for almost all attorney and parties" during the Covid-19 pandemic. Terry argues that Justin has failed to explain how Covid-19 prevented him from serving discovery requests, joining necessary parties, or requesting a trial setting for almost two years.

A review of recent caselaw discussing the effects of the Covid-19 pandemic shows that a specific excuse can be a reasonable explanation for delay, like the cancellation of a trial setting because of the pandemic or missing a single notice sent to a law firm's office while the attorneys and staff were quarantining because of a

15

Covid-19 exposure. *See, e.g.*, *Lindsey v. Haynes*, No. 04-21-00484-CV, 2022 WL 17971313, at *5 (Tex. App.—San Antonio Dec. 28, 2022, no pet.) (mem. op.) (stating plaintiff offered reasonable explanation for delay because April 2020 trial setting was canceled due to Covid-19 pandemic and Texas Supreme Court's emergency orders prohibiting in-person jury trials, but plaintiff continued to make progress on case while awaiting new trial setting); *Skelton v. Gray*, No. 04-22-00007-CV, 2022 WL 16625851, at *3–5 (Tex. App.—San Antonio Nov. 2, 2022, pet. denied) (mem. op.) (stating plaintiff offered reasonable explanation for delay because she was unable to obtain jury setting from court's administrator because of Covid-19 pandemic but continued litigation activity); *Renfro*, 2022 WL 3031605, at *4 (stating plaintiff offered reasonable explanation for failure to appear at hearing because plaintiff's counsel explained staff member had tested positive for Covid-19, after which all staff was out of office for several weeks to quarantine, which caused counsel not to receive notice of hearing).

But citing generally the difficulties of working during the early days of the pandemic is not a reasonable explanation for months-long delay. In *In re McBryde Family Trust*, the plaintiff argued, similar to Justin, that her ability to prosecute the case "was severely hindered due to her counsel's family circumstances and the impact of virtual schooling." No. 13-20-00473-CV, 2021 WL 4897562, at *6 (Tex. App.—Corpus Christi–Edinburg Oct. 21, 2021, no pet.) (mem. op.). "[W]hile we are

16

not unsympathetic to [the plaintiff's] counsel's plight regarding the need to assist and supervise his children during Covid-19," the appeals court wrote, "the trial court could have reasonably concluded that these events did not fully contribute to the overall minimal activity for a case on file for eighteen months." *Id.* at \*7. Similarly, while Justin has described his counsel's difficulties due to the Covid-19 pandemic in generalities, the trial court could have concluded this was not good cause or a reasonable explanation for the 21-month delay.

### 3.    *Abatement*

Justin next argues that Terry caused delay by filing the motion to abate so that Murray's heirs could be determined in a separate heirship proceeding. Terry argued in his motion to abate that because Justin was challenging Murray's will and claiming his estate should have passed by the rules of intestacy, a separate proceeding was necessary to determine the potential heirs of Murray's estate.

The record shows the trial court granted Terry's motion, abated the case in March 2021, and ordered Justin to file the application to determine heirship. Several days later, Justin filed the application and requested an attorney ad litem to represent the unknown heirs. There is no indication Justin took any other action over the next few months after these two filings.

Several months later, Terry requested a status conference in the heirship proceeding. At the conference in June 2021, Justin's counsel said he needed more

time to identify potential heirs who had been adopted into different families and to unseal adoption records in several counties. There is no indication Justin took any action after this hearing.

Terry requested another status conference several months later. Justin filed a motion to unseal the adoption records in one county on the day of the status conference in September 2021. Following that conference, the trial court noted that "sufficient time has passed for [Justin] and the Attorney Ad Litem to identify and locate all Decedent's heirs." The trial court ordered Justin to "take all reasonable steps necessary" to obtain any other adoption records that needed to be obtained and file any necessary motions to unseal adoption records by September 22, 2021. There is no indication Justin took any action after this status conference.

Terry again requested a status conference the following month. After this conference in October 2021, the trial court lifted the abatement and ordered: (1) Justin to amend his pleadings to join two newly identified potential heirs to the case; (2) Justin to "take all steps reasonably necessary to serve" the newly identified potential heirs by November 30, 2021; and (3) both parties not to conduct oral depositions until the parties agreed or the court ordered otherwise. The record shows Justin amended his petition as ordered and requested citation on December 9, but there is no indication Justin attempted to serve the newly identified potential heirs as ordered.

Justin has not offered any explanation for his delays in the heirship proceeding, much less a reasonable one or good cause. The record shows Justin took almost no action to advance the heirship proceeding, and he only took action after Terry or the trial court prompted him to do so.

In sum, we cannot say the trial court abused its discretion in concluding Justin has not shown good cause or offered a reasonable explanation for the delays in prosecuting his case. After filing suit, Justin took no action in this case or the related heirship proceeding unless the trial court or Terry prompted him to do so. The trial court did not abuse its discretion in dismissing the case for want of prosecution or in denying Justin's motion for reinstatement.

Courts have affirmed dismissals and denials of reinstatement for similar and shorter periods of inactivity. *See, e.g.*, *Kennard Law, PC v. Patton*, No. 01-22-00305-CV, 2023 WL 2697890, at \*5 (Tex. App.—Houston [1st Dist.] Mar. 30, 2023, no pet.) (mem. op.) (no abuse of discretion in dismissing case that was pending for 14 months); *Campbell v. Hiesermann*, No. 02-21-00221-CV, 2022 WL 3456735, at \*8 (Tex. App.—Fort Worth Aug. 18, 2022, no pet.) (mem. op.) (no abuse of discretion in dismissing or not reinstating case that was pending for 24 months); *In re McBryde Fam. Tr.*, 2021 WL 4897562, at \*4, \*8, \*10 (no abuse of discretion in dismissing or not reinstating case that was pending for 18 months); *Childress v. Casa Del Mar Ass'n*, No. 01-10-00913-CV, 2011 WL 5617939, at \*7 (Tex. App.—

Houston [1st Dist.] Nov. 17, 2011, pet. denied) (mem. op.) (no abuse of discretion in dismissing case that was pending for 12 months); *Douglas v. Douglas*, No. 01-06-00925-CV, 2008 WL 5102270, at \*2 (Tex. App.—Houston [1st Dist.] Dec. 4, 2008, pet. denied) (mem. op.) (no abuse of discretion in dismissing case that was pending for 8 months); *Maughan v. Emps. Ret. Sys. of Tex.*, No. 03-07-00604-CV, 2008 WL 2938867, at \*5 (Tex. App.—Austin Aug. 1, 2008, no pet.) (mem. op.) (no abuse of discretion in dismissing case that was pending 13 to 14 months); *City of Houston v. Robinson*, 837 S.W.2d 262, 265 (Tex. App.—Houston [1st Dist.] 1992, no writ) (no abuse of discretion in dismissing case that was pending for 12 months); *City of Houston v. Thomas*, 838 S.W.2d 296, 298 (Tex. App.—Houston [1st Dist.] 1992, no writ) (no abuse of discretion in dismissing case that was pending for 12 months).

We therefore overrule Justin's sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.

20